**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jane Doe and John Doe, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 25-cv-4235 |
| | ) | |
| Nienhouse Group, Inc., d/b/a Trac Solutions, CAM Systems, Nick Lindsey, Catherine Nienhouse-Lindsey and Robert Nienhouse, | ) ) ) ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**EX PARTE MOTION FOR LEAVE TO PROCEED AS DOE PLAINTIFFS**

NOW COME the Plaintiffs Jane Doe and John Doe, by and through their attorney, James C. Vlahakis of Vlahakis Law Group, LLC, and move (*ex parte*) for leave to proceed as Doe Plaintiff and in support state as follows:

### I. Introduction

1. Plaintiffs Jane Doe and John Doe are citizens of the State of Illinois, are domiciled within this Judicial District and are in a relationship together.

2. Nienhouse Group Inc. ("Nienhouse Group") is an Illinois corporation that does business as CAM Systems and TRAC Solutions.

3. Plaintiff Jane Doe is an employe of Nienhouse Group.

4. Defendant Nick Lindsey ("Defendant Lindsey") is a citizen of the State of Illinois, is domiciled within this Judicial District.

5. Defendant Catherine Nienhouse-Lindsey is a citizen of the State of Illinois, is domiciled within this Judicial District, is married to Defendant Lindsey, and is the head of Human Resources for Nienhouse Group.

6. Defendant Robert Nienhouse (at times "Defendant Nienhouse") is a citizen of the State of Illinois, is domiciled within this District and is the CEO of Nienhouse

Group. Defendant Nienhouse is also the father of Defendant Catherine Nienhouse-Lindsey and the father-in-law of Defendant Lindsey.

## II. Summary of the Allegations

7. Defendant Lindsey performs IT services as an employee of Nienhouse Grou. On January 27, 2025, while performing work for Nienhouse Group, Defendant Lindsey asked Jane Doe if he could use her personal iPhone to test a work-based application.

8. Plaintiff Jane Doe entrusted Defendant Lindsey with her iPhone and provided him with her passcode, for the sole purpose of allowing Defendant Lindsey to use her iPhone to test a work-based application.

9. In a gross violation of Jane Doe's trust, Defendant Lindsey accessed a hidden folder on Jane Doe's iPhone to view and download private images and videos of Jane Doe engaging in sexual relations with Plaintiff John Doe (hereafter the "Private Images and Videos" or "Images and Videos"). In particular, a forensic examination of Jane Doe's iPhone shows that during the course of several minutes, Defendant Lindsey downloaded numerous Images and Videos from Jane Doe's iCloud account.

10. Jane Doe learned that Defendant Lindsey was viewing the Videos in real time because her earbuds were still connected to her iPhone via Bluetooth and she could hear intimate repeatedly being played through her earbuds.

11. Horrified, but Defendant Lindsey's invasion of her privacy, Plaintiff Jane Doe reported his misconduct to the Nienhouse Group's human resources employee, Catherine Nienhouse-Lindsey, who just happens to be Defendant Lindsey's wife. Jane Doe also reported Defendant Lindsey's misconduct to Nienhouse Group's CEO, Defendant Robert Nienhouse, who just happens to be Defendant Lindsey's father-in-law.

12. Defendants Robert Nienhouse and Catherine Nienhouse-Lindsey launched an investigation after Defendant Lindsey denied improperly accessing the Images and Videos. Ultimately, Defendants declined to perform a forensic audit of Plaintiff Jane Doe's iPhone – where they declined to do so to cover-up and protect Mr. Lindsey – as part of a gross example of nepotism.

13. Disturbed by this cover-up, Plaintiff Jane Doe retained the services of a forensic examiner, and the examiner was able to obtain the type of incriminating information and Defendants were *unwilling* to obtain.

### III. Summary of Applicable Laws

14. This Court has subject matter jurisdiction of this cause pursuant to 28 U.S.C. § 1331 because this civil action arises under the federal law, specifically 18 U.S.C. § 1030, the Computer Fraud & Abuse Act ("CFAA")[1], and 15 U.S.C. § 6851, which is better known as the Violence Against Women Reauthorization Act. Simply put, Section 6851 provides a private right of action to persons who are victims of the nonconsensual dissemination of sexual images and videos.

15. In any civil action filed pursuant to 15 U.S.C. § 6851, an individual may recover the actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred[.]" 15 U.S.C. § 6851(b)(3)(i).

16. In any civil action filed pursuant to 15 U.S.C. § 6851, "the court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the

---

[1] As explained in the Complaint (Dkt. 1), Defendant Lindsey violated the CFAA by exceeding the scope of his permissible use of Jane Doe's iPhone and by using Jane Doe's password to download the Images and Videos from her iCloud account.

defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(b)(3)(ii). In particular, Section 6851(b)(3)(B) provides that "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."

### IV. Plaintiffs Should be Allowed to Proceed as Jane and John Does

17. 15 U.S.C. § 6851(b)(3)(B) afford Plaintiffs the right to bring this Civil Action as Jane and John Doe Defendants. A statutory right to proceed anonymously can override FRCP 10(a) which states that "[t]he title of the complaint must name all the parties[.]" *See, e.g., Doe v. Willis,* 2023 U.S. Dist. LEXIS 188788, at *2-*3, 2023 WL 6907100 (D. Colo. Sept. 22, 2023) (granting plaintiff asserting VAWRA claim leave to proceed anonymously).

18. As one court has explained in analyzing the purpose behind VAWRA, a victim's right to privacy over sexually explicit videos is significant and should not be overridden by so-called "public interest", where a victim's right to assert his or her rights, should not automatically open the courtroom door to inquisitive members of the public:

> The Court concludes this case—in which Plaintiff seeks to vindicate a substantial privacy right—presents such highly sensitive and personal information. Disclosure of this information—and of Plaintiff's identity—would plainly compound the harm she has already purportedly suffered as result of Defendants' alleged conduct. Indeed, VAWRA seeks to protect significant privacy interests, and even provides for injunctive relief maintaining the plaintiff's confidentiality in the event his or her claim succeeds. *15 U.S.C. § 6851(b)(3)(B)*. And the Court cannot identify any significant public interest in knowledge of or access to Plaintiff's identity. So, the Court concludes Plaintiff's privacy right outweighs the presumption of public disclosure and allows Plaintiff to proceed using a pseudonym.

*Doe v. McCoy*, 2024 U.S. Dist. LEXIS 33901 at *26, 2024 WL 843908 (N.D. Ga. 2024).

*See also, Doe v. Willilams,* 2024 U.S. Dist. LEXIS 96973 at *12, 2024 WL 2805642 (S.D.

Miss. May 31, 2024) (granting VAWRA plaintiff leave to appear as a Doe Plaintiff and holding "there is no evident public interest in knowing a § 6851 plaintiff's name."); *Doe v. Constant*, 2024 U.S. Dist. LEXIS 130253 at *2 fn3; 2024 WL 3512136 (W.D. La. July 23, 2024) ("Plaintiff has been allowed to pursue this action under a pseudonym as provided by 15 U.S.C. § 6851(b)(3)(B). R. Doc. 16."); *Doe v. Gipson,* 2024 U.S. Dist. LEXIS 218857 a *3; 2024 WL 4945022 (W.D. Tx. July 22, 2024) ("the Court granted Plaintiff's *ex parte* motion to proceed under a pseudonym and for a protective order, (Dkt. 13), and ordered Gipson to refrain from publicly identifying Plaintiff. (Order, Dkt. 14)".)

19. No harm or prejudice will result to any Defendant because they know who Jane Doe is and they know or should know of her relationship with John Doe – especially Defendant Nick Lindsey who viewed intimate Images of Videos of Jane and John Doe. *See, e.g., Plaintiff B v. Francis*, 631 F.3d 1310, 1318-19 (11th Cir. 2011) (finding no harm in allowing anonymity because "[t]he Defendants are aware of the Plaintiffs' identities and thus are not barred from conducting a full range of discovery in building a defense for trial."). See also, *Doe v. Bd. of Trs. of the Univ. of Ill.*, 2020 U.S. Dist. LEXIS 272466 at *5 (C.D. Ill. April 13, 2020) ("The court also agrees with Plaintiff that allowing her to proceed anonymously due to the threats will not prejudice Defendants, as Defendants already know her identity and have access to her records and information from her time at the University of Illinois at Urbana-Champaign.").

20. In conclusion, "'[w]here the issues involved are matters of a sensitive and highly personal nature' … the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" *Plaintiff B,* 631 F.3d at 1317-18 (citations omitted). Given the private and intimate nature of the Images and Videos – Plaintiffs seek to appear in this action as Jane and John Doe Plaintiffs.

WHEREFORE, for the reasons set forth above, Plaintiffs Jane and John Doe seek leave of court to proceed in this civil action anonymously, to require all court filing and public disclosures in this action to preserve their anonymity, preclude Defendants from disclosing their identify in public documents and grant all other appropriate relief consistent with the relief sought by Plaintiffs.

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
Vlahakis Law Group LLC
20 N. Clark Street Suite 3300
Chicago, IL 60602
312-766-0511
jamesv@vlahakislaw.com

*Counsel for Plaintiffs*
*Jane Doe and John Doe*