IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe and John Doe, | |
|     Plaintiffs, | |
|   v. | |
| Nienhouse Group, Inc., Nick Lindsey, Catherine Nienhouse-Lindsey and Robert Nienhouse, | |
|     Defendants. | |

### *CORRECTED*[1] JOINT STATUS REPORT
### REGARDING THE JUNE 10, 2024 STATUS HEARING

As directed by Dkt. 36, the parties, through their respective counsel, attended a status hearing on June 10, 2024 to discuss the forensic protocol for this matter as it related to Defendant Nick Lindsey's electronic devices. Following this status hearing, the parties met and conferred in good faith to jointly prepare a draft order, whereupon it was determined the parties have differing recollections of the Court's order and direction.

1. **Counsel for Plaintiffs:**

The parties appeared in Court on June 10, 2025, to have the Court decide whether to cause Defendant Nick Lindsey to identify all types of electronic devices he had access to from January 27, 2025, to the present (the "Time Period") - not just his three (3) cellular phones – for the purposes of having these devices promptly examined by a neutral third party for evidence of his distribution of the intimate Images and Videos of the Does that are at issue in this case. See Dkt. 35-1, redlined version of the proposed Stipulation at ¶¶3-d and 4. In Paragraph 4 of the proposed

---

[1] The original filing inadvertently did not include Exhibit B.

1

Stipulation, the parties agreed that *any* devices identified in Paragraph 3 would be turned over to a neutral third party by June 10, 2025. During today's hearing, the Court distilled the above dispute to involve - on one hand – *Plaintiffs' position* - that data could be inextricably lost if Defendant Lindsey did not promptly identify his additional devices (beyond his three (3) cell phones) and present them for a prompt forensic examination. The Court heard from counsel for Defendant Lindsey, who argued (consistent with his prior written position) that any such identification <u>and</u> examination was "premature" where defense counsel stated that he plan[ned] to serve written objections and responses to these requests in due course … including the identify of additional custodial devices." Dkt. 35, ¶3. The Court ordered Defendant Lindsey to identify *all* electronic devices that he had *access to* during the Time Period – a statement that both sides interpret to mean that Defendant Lindsey was to identify all electronic devices that he *used* during the Time Period – in addition to the three cellular phones his counsel has identified.

Counsel for Nienhouse Group, Inc. (Jonathon J. Ibarra of Wood Smith Henning & Berman – *not* Patrick J. Rubbery of Litchfield Cavo) – who was present in court - prepared the first draft of the now disputed revised Stipulation – where his draft stated that "[b]y June 20, 2025, Defendant Nick Lindsey shall identify any other devices that he used from the Time Period to the present for the purposes of inclusion to the Forensic Inspection. If applicable, Defendant Nick Lindsey shall identify the device, model number, serial number, and/or current operating system for each device." See Exhibit A, ¶4 (Pls' proposed Stipulation – as originally drafted by counsel for Nienhouse Group, Inc.). Next, counsel for Nienhouse Group, Inc. wrote that "[i]f additional device(s) is/are identified pursuant to paragraph 4 above, then, on or before June 24, 2025, counsel for Defendant Lindsey will cause the additional device(s) to be delivered to the Vendor, to conduct a forensic extraction and analysis of electronic data." See Exhibit A, ¶6.

2

It is Plaintiffs' position that the above edits *which were originally proposed by counsel for Nienhouse Group, Inc.* properly captured what was ordered by this Court – where counsel for Nienhouse Group, Inc. applied June 24, 2025, for the turnover of the additional devices. Exhibit A, at ¶6. This date is objectively reasonable – given the Court's statement (over Plaintiffs' requests for an *earlier* date) that the Court was giving Defendant Lindsey *until June 20, 2025*, to ensure that he *properly* identified all applicable electronic devices. Unfortunately, yet another dispute has arisen where counsel for Defendant Lindsey disputes that this was what the Court instructed the parties to do.[2]

It is Plaintiffs position that the Court intended any additional devices to be properly secured <u>and</u> forensically examined in an *expeditious manner* – where this approach is consistent with the parties' *agreement* that two of Defendant Lindsey's three cellular devices had been secured and that all three (3) cellular devices would be promptly subjected to a forensic audit by June 12, 2025. Ex. A at ¶5. It makes no sense – given the competing positions that were laid out in Dkt. 35 and argued today in court - to "kick the can down the street" relative to an examination of any additional devices that Defendant Lindsey's counsel identifies by June 20, 2025.

As an officer of the court, Plaintiffs' counsel will negotiate in good faith with Lindsey's counsel – if Lindsey's counsel (as an officer of the court) promptly[3] identifies any devices which may not be relevant to a forensic audit. While the Court noted that a PlayStation device would not need to be identified, if Defendant Lindsey's counsel states that Lindsey has <u>access</u> to a *non-*

---

[2] Jim Scales, who is counsel for Mr. Lindsey, and who edited Exhibit B to take a contrary position, was <u>not</u> present in Court.

[3] Plaintiffs use "promptly" to emphasize that Lindsey and his counsel have had ample time (since February of 2025 – to identify potentially relevant devices – where Jane Doe and Lindsey were subjected to Litigation Holds by attorney Julia Ross, who was hired by Nienhouse Group, Inc. to investigate Jane Doe's January 28, 2025, email which accused Lindsey of viewing her intimate Images and Videos on January 27, 2025.

*working* (old generation) iPad or iPhone, Plaintiffs would agree that any such device would not need to be examined. Similarly, if Lindsey's counsel states that Lindsey had *access* to his wife's iPhone but that Lindsey does not know his wife's password and did not use her iPhone during the Time Period, Plaintiff would agree Lindsey's wife's iPhone would not be examined.

Simply stated, it is Plaintiffs position that the Court expected that all relevant devices identified by Defendant Lindsey (in addition to his three phones) would be promptly secured, mirrored (copied) and examined, where this position is consistent with the draft document that was first edited by counsel for Nienhouse Group, Inc. (Jonathon J. Ibarra).[4] No harm or prejudice will result to Defendant Lindsey under these circumstances where Plaintiff Jane Doe's iPhone was returned to her *one business day after* it was sent out to be mirrored (copied) and examined. Attached as Exhibit A is Plaintiffs' proposed Stipulation. If Plaintiffs' counsel's memory is in error, he will *accept* the Court's determination.

2.  **Counsel for Nick Lindsey (Joined By Counsel For Nienhouse Group, Inc, Catherine Nienhouse-Lindsey and Robert Nienhouse)**:

Undersigned counsel for Defendant Nick Lindsey believes that the Court ordered Mr. Lindsey to provide a list identifying additional electronic devices (beyond the three phones) to which he had access during the relevant time period; but undersigned counsel did not understand the Court to be requiring Mr. Lindsey to provide those additional devices for forensic imaging at this time.[5] Counsel has ordered an expedited transcript from today's hearing (which is likely to be available in 1-2 days), and wishes to review the transcript prior to consenting to the proposed

---

[4] It is not clear why counsel for Nienhouse Group, Inc. now sides with Defendant Lindsey and the remaining Defendants.

[5] This dispute does not relate to the three mobile devices discussed at the Hearing, counsel is proceeding with the forensic imaging of those three devices.

order drafted by Plaintiff's counsel. If it turns out that the undersigned's memory is in error, counsel will promptly (and humbly) reconsider their position. Attached hereto as Exhibit B is Defendants' jointly proposed stipulation.

*Counsel for Plaintiffs*

/s/ *James C. Vlahakis*
James C. Vlahakis
Vlahakis Law Group LLC
20 N. Clark St., Suite 3300
Chicago, IL 60602
312-766-0511
jamesv@vlahakislaw.com

*Counsel for Defendant Nick Lindsey*

/s/ *Yates M. French*
Yates M. French and Jim W. Scales
Rathje Woodward LLC
300 E. Roosevelt Road, Suite 220
Wheaton, IL 60187
yfrench@rathjelaw.com
jscales@rathjelaw.com

*Counsel for Nienhouse Group, Inc.*

/s/ *Jonathon J. Ibarra*
Jonathon J. Ibarra and Ryan M. Neri
Wood Smith Henning & Berman LLP
222 S. Riverside Plaza, Suite 640
Chicago IL 60606
312-766-4457
jibarra@wshblaw.com

*Counsel for Nienhouse Group, Inc., Robert Nienhouse & Catherine Nienhouse-Lindsey*

/s/ *Patrick J. Rubbery*
Patrick J. Rubbery
Litchfield Cavo LLP
303 W. Madison St. Suite 300
Chicago, IL 60606
312-781-6675
ruberry@litchfieldcavo.com