**Stillman, Zachary**

| | |
|---|---|
| **From:** | James Vlahakis <jamesv@vlahakislaw.com> |
| **Sent:** | Friday, June 20, 2025 11:18 AM |
| **To:** | Stillman, Zachary |
| **Cc:** | Ruberry, Patrick |
| **Subject:** | Re: Does v. Nienhouse Group, Inc. et al | Motion for Leave to Exceed Page Limit |

**Caution:** External Email Warning - This email originated outside the firm. Please do not click links or open attachments unless you were expecting this communication. Contact Help Desk with questions - HelpDesk@LitchfieldCavo.com or 312.781.6666.

Good Morning Zachary

**How many additional pages are you asking for?** As we have all learned over the years, there's a *reasonable* number of additional pages and an *unreasonable* number of additional pages. I tend to err on the side of caution by asking for a minimal number of additional pages. At the same time, given Patrick's claim that Nienhouse Group Inc. was barely able to make payroll a few months ago, it sounds like your clients would prefer to spend their money on an oversized brief rather than engaged in settlement discussions – where the facts show that Nick Lindsey lied to them about his conduct on January 27, 2025, and they covered up his misconduct and lies.  See Paragraphs 21-38, 47-117 of the Complaint. In particular, we've attached screenshots proving that Nick Lindsey downloaded certain Images and Videos from Jane Doe's iCloud.  See Paragraphs -95-104 of the Complaint.

And as a friendly reminder as a follow-up to my recent email in response to Patrick's recent letter, you have not served me with a formal rule 11 motion as set forth by FRCP 11(c)(1)-(2). Given the nuances and issues that often trip up parties who merely send Rule 11 letters, I would think that we'd *all* like to err on the side of caution by fully complying with the procedure set forth by Rule 11(c)(1)-(2). I believe that the Court would appreciate that level of attention to detail, where he's going to have to review Patrick's letter to see if it fully complies with the requirements of FRCP 11(c)(1)-(2) where the 7th Circuit is the only circuit that has held that Rule 11 letters can (if properly drafted) satisfy Rule 11(c).  Of course, given all that is at stake in this case, this case could be a perfect case to test whether the 7th Circuit's minority approach if just and proper – where the 7th Circuit is the only Circuit Court to adopt this approach.  To the extent Defendants require compliance with FRCP 11(b) and they have threatened sanctions, one would think that Defendants would want to fully comply with FRCP 11(c)(1)-(2) by preparing a serving a proper Rule 11 safe-harbor motion. Given Patrick's threat of sanctions, I don't see how Plaintiffs will agree to additional pages where Patrick may attempt to use these additional pages to support a future motion for sanctions – where Patrick has not bothered to comply with the statutory requirements of FRCP 11(c)(1)-(2). **Do you plan on serving a properly formatted safe harbor motion? If "yes" when you plan on serving one?**

Also, we trust that you are currently on track to answer the discovery requests that were issued to your clients. **Please let us know if that's not the case?** If you have the time to prepare an oversized brief, we will presume that you have time to prepare discovery answers and responses and not mere boilerplate objections.

Thanks in advance for your answers to the four (4) above **bolded** questions.

James

James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
jamesv@vlahakislaw.com
312-766-0511 (office)
312-648-6127 (direct)
312-648-6202 (fax)

On Jun 20, 2025, at 9:21 AM, Stillman, Zachary <stillman@litchfieldcavo.com> wrote:

Good Morning James,

We intend to file a motion for leave to exceed the page limit for our forthcoming Motion to Dismiss on behalf of Defendants Catherine Nienhouse-Lindsey and Robert Nienhouse.

Please let us know if you will be opposing the motion.

Thank you,
Zachary Stillman

**Zachary G. Stillman**
Attorney
Licensed in Illinois and Michigan
D 312.781.6672 | O 312.781.6677 | F 312.781.6630
Stillman@LitchfieldCavo.com

<image001.png>
303 West Madison | Suite 300 | Chicago, IL 60606
**LitchfieldCavo.com | Office Locations | Biography**

Until further notice, we ask that all correspondence, pleadings, discovery or other documents be **sent in digital form**, via email, instead of (or in addition to) US Mail. Please understand that Litchfield Cavo has transitioned many of our workforce to hybrid work arrangements and any documents sent to our physical offices may require additional response time.

PRIVILEGE AND CONFIDENTIALITY NOTICE The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.