**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JANE DOE and JOHN DOE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-04235 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| NIENHOUSE GROUP, INC. d/b/a TRAC | ) | Magistrate Judge M. David Weisman |
| SOLUTIONS and CAM SYSTEMS; | ) | |
| NICK LINDSEY; | ) | |
| CATHERINE NIENHOUSE-LINDSEY; | ) | |
| and ROBERT NIENHOUSE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS NIENHOUSE GROUP, INC.'S, CATHERINE NIENHOUSE-
LINDSEY'S, AND ROBERT NIENHOUSE'S MOTION TO DISMISS**

Defendants NIENHOUSE GROUP, INC. ("Nienhouse Group"), CATHERINE NIENHOUSE-LINDSEY ("Catherine Nienhouse" or "Catherine"), and ROBERT NIENHOUSE ("Robert Nienhouse" or "Robert") (collectively, "Defendants" or "These Defendants"), by and through their attorneys, Patrick J. Ruberry and Zachary G. Stillman, of LITCHFIELD CAVO LLP, for their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

## Table of Contents

INTRODUCTION ........................................................................................................................... 1

LEGAL STANDARD .................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

    I.    Count I of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030, Against These Defendants. ............. 3

        a.    Plaintiffs fail to state a claim for relief under the CFAA. .............................................. 3

        b.    These Defendants cannot be vicariously liable for Defendant Lindsey's alleged violations of the CFAA. ................................................................................................................................... 7

    II.    Count II of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Disclosure of Intimate Images in Violation of 15 U.S.C. § 6851 Against These Defendants. ................. 9

        a.    Plaintiffs fail to state a claim for relief under the DIIA. ............................................... 9

        b.    These Defendants cannot be vicariously liable for Defendant Lindsey's alleged violations of the DIIA. ................................................................................................................................... 12

    III.    Count III of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Violation of the Electronic Communications Privacy Act Against These Defendants. ......................... 13

        a.    Plaintiffs fail to state a claim for relief under the Wiretap Act. .................................... 14

        b.    Plaintiffs fail to state a claim for relief under the Stored Communications Act. ........................ 16

    IV.    Count IV of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Negligent Violation of Plaintiffs' Privacy Rights Under the Criminal Nonconsensual Dissemination of Private Sexual Images Act, 720 ILCS 5/11-23.5, Against These Defendants. ...................................... 17

    V.    Count V of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Civil Remedies for Violation of the Civil Remedies for Nonconsensual Dissemination of Private Sexual Images Act, 740 ILCS 190/1, Against These Defendants. ........................................................... 18

    VI.    Count VI of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Intrusion Upon Seclusion Against These Defendants. ................................................................. 19

    VII.    Count VII of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Trespass to Chattels Against These Defendants. ............................................................................... 21

    VIII.    Count VIII of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Conversion Against These Defendants. ........................................................................... 22

    IX.    Count IX of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Defamation Against These Defendants. .......................................................................... 23

    X.    Count X of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Negligent Infliction of Emotional Distress Against These Defendants. ................................................ 25

XI.     Count XI of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Intentional Infliction of Emotional Distress Against These Defendants...................................................26

XII.    Count XII of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Negligent Retention Against These Defendants.................................................................................28

CONCLUSION ...........................................................................................................................................29

## Table of Authorities

Page(s)

*Cases*

*Adames v. Sheahan*,
   233 Ill.2d 276 (2009) ...............................................................................................................7
*Bates v. Doria*,
   150 Ill. App. 3d 1025 (2d Dist. 1986) ....................................................................................29
*Bd. of Cnty. Comm'rs v. Brown*,
   520 U.S. 397 (1997) ................................................................................................................16
*BMG Rights Mgmt. v. Cox Commc'ns*,
   199 F. Supp. 3d 958 (E.D. Va. 2016) .....................................................................................10
*Bryson v. News Am. Publ'ns, Inc.*,
   174 Ill.2d 77 (1996) ................................................................................................................24
*Busse v. Motorola, Inc.*,
   351 Ill. App. 3d 67 (2004) ................................................................................................19, 20
*Carter v. Skokie Valley Detective Agency*,
   256 Ill. App. 3d 77 (1st Dist. 1993)...................................................................................28, 29
*CCC Info. Servs., Inc. v. Tractable, Inc.*,
   2023 WL 415541 (N.D. Ill. Jan. 25, 2023).........................................................................5, 6, 7
*Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*,
   31 F. Supp. 3d 237 (D. Colum. 2014) ....................................................................................16
*Davis v. Zirkelbach*,
   149 F.3d 614 (7th Cir. 1998) ............................................................................................15, 16
*Dino Publ'g LLC v. Maritimo Mktg. Ams., Inc.*,
   2019 WL 3857875 (N.D. Ill. Aug. 16, 2019) .........................................................................23
*Doe v. Alame*,
   2025 WL 713120 (N.D. Tex. Feb. 24, 2025) ..........................................................................10
*Doe v. Coe*,
   2019 IL 123521, 33 (2019)......................................................................................................28
*Doe v. Columbia Collect Chi.*,
   299 F. Supp. 939 (N.D. Ill. 2017)...........................................................................................25
*Doe v. Stevenson*,
   2025 WL 1165660 (N.D. Ill. April 3, 2025).............................................................................10
*Epstein v. Epstein*,
   843 F.3d 1147 (7th Cir. 2016) ..........................................................................................14, 15
*Feltmeier v. Feltmeier*,
   207 Ill.2d 263 (2003) ..............................................................................................................27

*First Mortg. Corp. v. Baser*,
   2008 WL 4534124 (N.D. Ill. Apr. 30, 2008) ........................................................... 5
*Fraser v. Nationwide Mut. Ins. Co.*,
   352 F.3d 107 (3d Cir. 2003) ............................................................................. 14, 15
*General Motors Corp. v. Douglass*,
   206 Ill. App. 3d 881 (1st Dist. 1990) ...................................................................... 22
*Harris v. US*,
   2017 WL 770969 (N.D. Ill. Feb. 28, 2017) ............................................................. 25
*Hasan v. Foley & Lardner, LLP*,
   2007 WL 2225831 (N.D. Ill. July 26, 2007) ............................................................. 5
*Horton v. Marovich*,
   925 F. Supp. 540 (N.D. Ill 1996) ............................................................................ 2
*Hunter v. Allis–Chalmers Corp.*,
   797 F.2d 1417 (7th Cir. 1986) ................................................................................ 12
*In re Thebus*,
   108 Ill.2d 255 (1985) ...................................................................................... 22, 23
*In re Zynga Privacy Litig.*,
   750 F.3d 1098 (9th Cir. 2014) ................................................................................ 11
*Johnson v. Kmart Corp.*,
   311 Ill. App. 3d 573 (1st Dist. 2000) ...................................................................... 10
*Johnson v. Mers*,
   279 Ill. App. 3d 372 (2d Dist. 1996) .................................................................. 28, 29
*Kolegas v. Heftel Broad. Corp.*,
   154 Ill.2d 1 (1992) .......................................................................................... 24, 27
*Konop v. Hawaiian Airlines, Inc.*,
   302 F.3d 868 (9th Cir. 2002) ........................................................................... 14, 15
*Kurowski v. Rush Sys. for Health*,
   683 F. Supp. 3d 836 (N.D. Ill. 2023) ...................................................................... 21
*London-Sire Records, Inc. v. Doe 1*,
   542 F. Supp. 2d 153 (D. Mass. 2008) ...................................................................... 10
*Loughnane v. Zukowksi, Rogers, Flood & McArdle*,
   2021 WL 1057278 (N.D. Ill. Mar. 18, 2021) ......................................................... 16
*Lovgren v. Citizens First Nat'l Bank*,
   126 Ill.2d 411 (1989) ............................................................................................ 10
*Maras v. Milestone, Inc.*,
   348 Ill. App. 3d 1004 (2d Dist. 2004) ............................................................... Passim
*Marshall-Mosby v. Corp. Receivables, Inc.*,
   205 F.3d 323 (7th Cir. 2000) ................................................................................... 2
*McGrath v. Fahey*,
   126 Ill.2d 78 (1988) .............................................................................................. 27
*McQueen v. Green*,
   2022 IL 126666, 37 ............................................................................................ 7, 12
*Meyer v. Holley*,
   537 U.S. 280 (2003) ................................................................................................ 8
*Mueller v. Cmty. Consol. Sch. Dist. 54*,
   287 Ill. App. 3d 337 (1st Dist. 1997) ...................................................................... 28

*Ogbolumani v. Young,*
   2015 IL App (1st) 141930-U ................................................................................ 23

*Olson v. Connerly,*
   156 Wis.2d 488 (1990) ..................................................................................... 12

*Owen v. Carr,*
   113 Ill.2d 273 (1986) ........................................................................................ 24

*Patrick Patterson Custom Homes, Inc. v. Bach,*
   586 F.Supp.2d 1026 (N.D. Ill. 2008) .................................................................. 5

*Pavlik v. Kornhaber,*
   326 Ill. App. 3d 731 (1st Dist. 2001) ................................................................ 27

*Perfect 10, Inc. v. Giganews, Inc.,*
   847 F.3d 657 (9th Cir. 2017) ............................................................................ 10

*Royal Truck & Trailer Sales and Svc., Inc. v. Kraft,*
   974 F.3d 756 (6th Cir. 2020) ........................................................................ 5, 6

*S.S. v. Collins,*
   2024 WL 3594350 (D. N.J. July 31, 2024) ....................................................... 10

*Sam's Wines & Liquors, Inc. v. Hartig,*
   2008 WL 4394962 (N.D. Ill. Sept. 24, 2008) ..................................................... 5

*Savanna Group, Inc. v. Trynex, Inc.,*
   2013 WL 4734004 (N.D. Ill. Sept. 3, 2013) ............................................... Passim

*SBM Site Servs., LLC v. Garrett,*
   2012 WL 628619 (D. Colo. Feb. 27, 2012) ........................................................ 7

*Schweihs v. Chase Home Fin., LLC,*
   2016 IL 120041 (2016) ..................................................................................... 25

*Scottsdale Ins. Co. v. Subscription Plus, Inc.,*
   299 F.3d 618 (7th Cir. 2002) ............................................................................ 12

*Sheridan v. iHeartMedia, Inc.,*
   255 F. Supp. 3d 767 (N.D. Ill. 2017) ................................................................ 23

*Steve Jackson Games, Inc. v. Secret Serv.,*
   36 F.3d 457 (5th Cir. 1994) .............................................................................. 14

*Sunseri v. Puccia,*
   97 Ill. App. 3d 488 (1st Dist. 1981) .................................................................. 20

*Svanco, Inc. v. Brand,*
   417 F. Supp. 3d 1042 (N.D. Ill. 2019) ................................................................ 7

*Teva Pharm. USA, Inc. v. Sandhu,*
   291 F. Supp. 3d 659 (E.D. Pa. 2018) .................................................................. 7

*Texas v. Am. Blastfax, Inc.,*
   164 F. Supp. 2d 892 (W.D. Tex. 2001) ............................................................... 8

*U.S. v. Steiger,*
   318 F.3d 1039 (11th Cir. 2003) ........................................................................ 14

*US v. Councilman,*
   418 F.3d 67 (1st Cir. 2005) ............................................................................... 15

*Van Buren v. U.S.,*
   593 U.S. 374 ................................................................................................. 5, 7

*Van Horne v. Muller,*
   185 Ill. 2d 299 (1998) ................................................................................ 28, 29

*Vega v. Chi. Park Dist.*,
   958 F. Supp. 2d 943 (N.D. Ill. 2013) ..................................................................... 19
*Webb v. Jewel Cos., Inc.*,
   137 Ill. App. 3d 1004 (1st Dist. 1985) .................................................................. 20
*Young v. Lemons*,
   266 Ill. App. 3d 49 (4th Dist. 1994) ...................................................................... 28
*Zissu v. IH2 Prop. Ill., L.P.*,
   157 F. Supp. 3d 797 (N.D. Ill. 2016) ..................................................................... 21

**Statutes**
15 U.S.C. § 6851(a)(4) ........................................................................................... 9
15 U.S.C. § 6851(b)(1)(A) ................................................................................ 9, 12
18 U.S.C. § 1030(a) ................................................................................................ 3
18 U.S.C. § 1030(a)(2) ................................................................................ 3, 4, 6, 7
18 U.S.C. §§ 1030(a)(2)(A)–(C) ........................................................................... 4
18 U.S.C. § 1030(a)(2)(C) ..................................................................................... 3
18 U.S.C. § 1030(a)(5) ................................................................................ 3, 4, 6, 7
18 U.S.C. §§ 1030(a)(5)(B)—(C) ......................................................................... 4
18 U.S.C. § 1030(e)(2) ...................................................................................... 3, 4
18 U.S.C. § 1030(e)(2)(B) ..................................................................................... 4
18 U.S.C. § 1030(e)(8) ........................................................................................... 4
18 U.S.C. § 1030(e)(11) ......................................................................................... 4
18 U.S.C. § 1030(g) ........................................................................................... 3, 7
18 U.S.C. § 2520 .................................................................................................... 1
18 U.S.C. § 2701 ................................................................................ 11, 15, 16, 17
18 U.S.C. § 2701(a) .............................................................................................. 16
720 ILCS 5/11-23.5(b) ........................................................................................ 17
740 ILCS 145/1 .................................................................................................... 24

**Rules**
Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 2

**Other Authorities**
Restatement (Second) of Torts § 559 .................................................................. 24

## INTRODUCTION

Plaintiffs filed their Complaint on April 17, 2025, asserting twelve causes of action against multiple defendants—both individual and corporate—arising from alleged conduct by Defendant Nick Lindsey ("Lindsey"). Lindsey is alleged to have accessed Plaintiff Jane Doe's personal electronic device without authorization, viewed private communications, and disclosed intimate images. The remainder of the Defendants—Catherine Nienhouse-Lindsey, Robert Nienhouse, and Nienhouse Group—are named solely on derivative or supervisory theories, with no factual allegations of personal involvement in any of the complained-of acts.

The Complaint asserts the following claims:

- Count I – Violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030

- Count II – Violation of the Intimate Image Privacy Act, 15 U.S.C. § 6851

- Count III – Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2520

- Count IV – Negligent violation of privacy rights under 720 ILCS 5/11-23.5

- Count V – Civil claim under the Nonconsensual Dissemination of Private Sexual Images Act, 740 ILCS 190/1

- Count VI – Intrusion upon seclusion

- Count VII – Trespass to chattels

- Count VIII – Conversion

- Count IX – Defamation

- Count X – Negligent infliction of emotional distress

- Count XI – Intentional infliction of emotional distress

- Count XII – Negligent retention (*against Nienhouse Group, Robert Nienhouse, and Catherine Nienhouse-Lindsey*)

While framed as a sweeping privacy and misconduct action, the Complaint rests entirely on the alleged conduct of Lindsey and fails to plausibly connect the remaining Defendants to any direct or actionable involvement. Many of the claims are either legally inapplicable to the facts pled, internally inconsistent, or improperly seek to impose vicarious liability for intentional torts absent any factual basis. Several counts also stretch the applicable statutory frameworks beyond recognition, asserting federal and state claims that have no grounding in the alleged facts or existing law. At most, the Complaint alleges an isolated episode of personal misconduct by one individual—not a basis for twelve overlapping claims against four defendants.

Accordingly, dismissal is warranted in whole or in part as to each of the claims addressed below.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a defendant can move to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Horton v. Marovich*, 925 F. Supp. 540, 542-43 (N.D. Ill 1996). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *Id.* Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief. *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

Thus, dismissal under Rule 12(b)(6) is proper here, as Plaintiffs have failed to state a claim for which relief can be granted with regard to almost all of their asserted claims, and against numerous Defendants.

## <u>ARGUMENT</u>

I.     **Count I of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030, Against These Defendants.**

   *a.  Plaintiffs fail to state a claim for relief under the CFAA.*

Count I of Plaintiffs' Complaint seeks to bring a claim against all Defendants under 18 U.S.C. § 1030 *et seq*. (the "Computer Fraud and Abuse Act" or "CFAA"), pursuant to § 1030(g), which permits an individual suffering "damage or loss by reason of a violation of [the acts outlined in § 1030(a)], [to] maintain a civil action against the violator to obtain compensatory damages." 18 U.S.C. § 1030(g). Plaintiffs specifically allege violations of sections 1030(a)(2) and 1030(a)(5). However, Plaintiffs cannot state a valid claim for relief under § 1030(g) pursuant to either of sections 1030(a)(2) or (a)(5).

### i.  <u>18 U.S.C. § 1030(a)(2)</u>

Under 18 U.S.C. § 1030(a)(2), it is a violation for an individual to "intentionally access a computer without authorization or exceed[ing] authorized access" and in doing so obtain "information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). The term "protected computer" is defined by the CFAA as follows:

> a computer—(A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; (B) which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States; or (C) that— (i) is part of a voting system; and (ii) (I) is used for the management, support, or administration of a Federal election; or (II) has moved in or otherwise affects interstate or foreign commerce;

18 USC § 1030(e)(2).

Plaintiff Jane Doe's iPhone, and the alleged pornographic content accessed thereon, do not fall within any of the categories of "information" covered by 18 U.S.C. § 1030(a)(2)(A)–(C), as the data was not financial, governmental, or otherwise within the statute's protected classes. Nor is her iPhone a "protected computer" as defined by § 1030(e)(2), as it was not used by or for a financial institution or the federal government, nor used in or affecting interstate or foreign commerce as contemplated by the statute. While Plaintiff alleges that content was accessed from iCloud storage associated with her iPhone, this alone does not establish that the device itself was "used in or affecting interstate or foreign commerce" as required under 18 U.S.C. § 1030(e)(2)(B). The mere fact that a personal device connects to cloud services—ubiquitous in modern smartphones—does not automatically transform it into a "protected computer" within the meaning of the CFAA. The alleged conduct therefore does not fall within the scope of CFAA liability under § 1030(a)(2).

### ii.  **18 U.S.C. § 1030(a)(5)**

Under 18 U.S.C. § 1030(a)(5), it is a violation for an individual to "intentionally access a protected computer *without authorization*, and as a result of such conduct," either "recklessly cause damage," or "cause damage and loss." 18 U.S.C. §§ 1030(a)(5)(B)—(C). The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). On the other hand, "loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). The Supreme Court has noted that this statutory framing of "damage" and "loss" "focus[es] on technological harms—such as the corruption of files—of the

type unauthorized users cause to computer systems and data," and that "limiting 'damage' and 'loss' in this way makes sense in a scheme 'aimed at preventing the typical consequences of hacking.'" *Van Buren v. U.S.*, 593 U.S. 374, 392 (quoting *Royal Truck & Trailer Sales and Svc., Inc. v. Kraft*, 974 F.3d 756, 760 (6th Cir. 2020)). The terms are "ill fitted to remediating 'misuse' of sensitive information that [an individual] may permissibly access using" a device. *Id.*

While Plaintiffs assert that the loss element is satisfied as a result of their expenditures in having a forensic analysis done of the phone to confirm the content allegedly viewed, and whether it was disseminated, there is no support for this proposition. In *Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F.Supp.2d 1026 (N.D. Ill. 2008), and the cases cited therein, the financial losses alleged as a result of retainer of forensic experts were explicitly in relation to the restoration of changes to files, taking steps to prevent further unauthorized action, and investigations of actual explicit misappropriations of confidential data (i.e. customer data and proprietary files and information). *See, e.g.*, *Id.*; *Sam's Wines & Liquors, Inc. v. Hartig*, 2008 WL 4394962, at *4 (N.D. Ill. Sept. 24, 2008); *First Mortg. Corp. v. Baser*, 2008 WL 4534124, at *3 (N.D. Ill. Apr. 30, 2008); *Hasan v. Foley & Lardner, LLP*, 2007 WL 2225831, at *5 (N.D. Ill. July 26, 2007). On the other hand, Plaintiffs' alleged financial loss merely relates to confirmation of the alleged access to the materials by Defendant Lindsey, and loss of the ability to use the device during the time in which it was in possession of the forensic examiner. Plaintiff Jane Doe did not have reason to mention at any other point in the complaint that there were worries about installation of spyware, and this off the cuff remark is not alone enough to qualify the expenditure of funds for investigation to qualify as a loss under the meaning intended by the statute.

As further clarified by the court in *CCC Info. Servs., Inc. v. Tractable, Inc.*, No. 18 CV 7246, 2023 WL 415541, *3 (N.D. Ill. Jan. 25, 2023), even where a plaintiff incurs expenses

investigating a potential privacy or data misuse incident, such expenditures do not constitute a "loss" under the CFAA unless they are plausibly tied to **technological damage**. In that case, the court rejected CFAA liability where the plaintiff's investigation stemmed from data misuse concerns, not any risk of impairment or corruption to a protected system. As here, the court found such allegations insufficient where the investigation related only to access—not damage—to the data or platform itself.

Here, it should also be specifically noted that no unauthorized access to Plaintiff Jane Doe's phone has been alleged. Defendant Lindsey was fully initially authorized in his use of Plaintiff Jane Doe's iPhone, and section 1030(a)(5) does not explicitly permit for violations where access to a device exceeds the bounds of initial authorization, as in section 1030(a)(2). *See Royal Truck & Trailer Sales and Svc.,* 974 F.3d at 760-61 (noting Congress's intention was explicit as to the scope of section 1030(a)(5) in leaving out language as to exceeding authorized access as appears in section 1030(a)(2)). Thus, for the aforementioned reasons, Plaintiffs have failed to state a valid violation of section 1030(a)(5).

The same deficiency was dispositive in *CCC Info. Servs.,* where the court rejected CFAA "loss" allegations based on a forensic investigation because the plaintiff "failed to plausibly allege that its investigation...was related to the possibility of technological damage." 2023 WL 415541, at *3. So too here: Plaintiffs allege only that they spent money on a forensic analysis to determine whether Defendant Lindsey accessed or disseminated private material, but do not allege any plausible concern that the device or iCloud system had been technically damaged, impaired, or infected with spyware. (ECF No. 1 at ¶ 139.) This mirrors the failed theory in *CCC*, where suspicion of data misuse alone was held insufficient.

6

In short, CFAA liability requires more than suspicion or retroactive curiosity. Courts demand allegations of actual or potential technological harm—not just access. *Van Buren*, 593 U.S. at 392; *CCC Info. Servs.*, 2023 WL 415541, at *3. Plaintiffs plead none. They cite no impairment, no interruption, and no plausible reason to believe their system was damaged. Without a valid theory under section 1030(a)(2) or (a)(5), they cannot proceed under section 1030(g), and Count I must be dismissed in its entirety.

> ### b. *These Defendants cannot be vicariously liable for Defendant Lindsey's alleged violations of the CFAA.*

Alternatively, Defendants Catherine, Robert, and Nienhouse Group, Inc. should be dismissed from Count I of Plaintiffs' Complaint as there can be no vicarious liability under the CFAA as alleged.

This Court has found that vicarious liability in the case of claims under the CFAA must be predicated by there being an explicit principal and agent relationship with regard to the actual alleged violating act. *Svanco, Inc. v. Brand*, 417 F. Supp. 3d 1042, 1060 (N.D. Ill. 2019) (citing *Teva Pharm. USA, Inc. v. Sandhu*, 291 F. Supp. 3d 659, 671 (E.D. Pa. 2018) (noting that "a person who did not directly access the computer may still be liable under the CFAA *if he directs, encourages or induces someone else to access a computer that he himself is unauthorized to access.*" (internal quotation marks omitted) (emphasis added)); *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2012 WL 628619, at *6 (D. Colo. Feb. 27, 2012) (same)). Additionally, generally "under the theory of *respondeat superior*, … an employer may be liable for his employee's torts when those torts were committed within the scope of the employment." *McQueen v. Green*, 2022 IL 126666, at ¶ 37 (citing *Adames v. Sheahan*, 233 Ill.2d 276, 298 (2009)).

Here, it has not been alleged that any corporate superiors at Nienhouse Group, as Defendant Lindsey's employer, Robert Nienhouse, as the CEO of Nienhouse Group, or Catherine Nienhouse-Lindsey, as the head of human resources, engaged in any explicit conduct wherein they "direct[ed], encourage[d], or induce[d]" Defendant Lindsey to obtain unauthorized access to Plaintiff Jane Doe's iPhone or any content therein. Moreover, it has not been asserted by Plaintiffs that Lindsey's alleged conduct occurred in the normal course of his employment. Accordingly, there can be no vicarious liability under the CFAA against These Defendants.

Further, there is no support for Plaintiffs' contention that vicarious liability, if indeed present, would extend to Defendant Robert (as CEO of Nienhouse Group), or Defendant Catherine (as head of human resources). "When Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). As such, "under the general background principles of vicarious liability, in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents." *Savanna Group, Inc. v. Trynex, Inc.*, 2013 WL 4734004, at *7-8 (N.D. Ill. Sept. 3, 2013) (citing *Meyer*, 537 U.S. at 285) (internal quotations omitted). Accordingly, corporate employees whose actions or conduct may serve to give rise to vicarious liability "typically act on behalf of the corporation, not its owner or officer." *Id.; see also Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 897 (W.D. Tex. 2001) (individual vicarious liability based on corporate position would run afoul of the principle that a corporate officer may not be liable for corporate acts based purely on their status in the corporation).

It is explicitly stated in Count I of the Complaint that for Defendants Catherine and Robert, they are "vicariously liable for Defendant Lindsey's conduct" as a result of their stated positions

in the corporation. (ECF No. 1, ¶¶ 143-44). As stated above, such assertions of vicarious liability run afoul of the general principals of the doctrine. While it too should be found not to be vicariously liable for the conduct in Plaintiffs' Complaint, the only valid target in this matter for vicarious liability based on the actions of Defendant Lindsey would be Defendant Nienhouse Group itself. Similarly, it cannot be said that anything other than mere vicarious liability was sought against Defendants Catherine and Robert, as this is explicitly outlined in the Complaint. Though, if Plaintiffs are to assert that this is the case, Defendants Catherine and Robert are not personally alleged to have accessed any device or engaged in the conduct alleged to be attributed to Lindsey.

Therefore, for the reasons stated, Count I of Plaintiff's complaint fails to state a claim in its entirety, and Defendants Catherine, Robert, and Nienhouse Group, Inc. must be dismissed. In the alternative, These Defendants must also be dismissed for lack of vicarious liability.

## II.    Count II of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Disclosure of Intimate Images in Violation of 15 U.S.C. § 6851 Against These Defendants.

### a.    Plaintiffs fail to state a claim for relief under the DIIA.

Count II of Plaintiffs' Complaint seeks to bring a claim against all Defendants under 15 U.S.C. § 6851 *et seq.* (the "Disclosure of Intimate Images Act" or "DIIA"). Under section 6851(b)(1)(A), a plaintiff may bring a claim for liability where their depiction in intimate visual depiction (including sexually explicit conduct) "is disclosed in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the[ir] consent, … where such disclosure was made by a person who knows that, or recklessly disregards whether the individual has not consented to such disclosure." The DIIA specifically defines "disclose" as "to transfer, publish, distribute, or make accessible." 15 USC § 6851(a)(4).

There is a dearth of case law discussing whether merely downloading qualifying content from the cloud to a device constitutes a "disclosure" as contemplated under the statute. Almost

every existing case deals explicitly with instances where defendants are alleged to have sent the content to others, posted such content online in some form, or otherwise made it available to others. *See Doe. v. Stevenson*, 2025 WL 1165660 (N.D. Ill. April 3, 2025); *S.S. v. Collins*, 2024 WL 3594350 (D. N.J. July 31, 2024); *Doe v. Alame*, 2025 WL 713120 (N.D. Tex. Feb. 24, 2025). In the absence of case law directly addressing whether merely downloading qualifying content from the cloud constitutes a "disclosure," analogous doctrines shed light on how courts treat similar conduct.

For example, under the Copyright Act, 17 U.S.C. § 106, courts distinguish between the passive act of downloading and the affirmative act of distributing content to others. *See BMG Rights Mgmt. v. Cox Commc'ns*, 199 F. Supp. 3d 958 (E.D. Va. 2016), aff'd in part, 881 F.3d 293 (4th Cir. 2018); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153 (D. Mass. 2008). These cases confirm that downloading alone, even of prohibited material, does not constitute distribution absent further transmission or access-sharing behavior.

Additionally, the common law privacy torts of intrusion and disclosure can also act as guiding forces here. Published case law delineates a clear line between intrusion upon seclusion, which concerns the offensive act of prying, and public disclosure of private fact, which requires publicity. *Johnson v. Kmart Corp.*, 311 Ill. App. 3d 573, 578 (1st Dist. 2000). "To state a claim for public disclosure of private facts, the matter revealed must be publicized to the public at large or to so many people that the matter is substantially certain to become public knowledge." *Id.; see also Lovgren v. Citizens First Nat'l Bank*, 126 Ill.2d 411, 417 (1989) ("One who gives publicity to a matter concerning the private life of another is subject to liability… The core element is publicity, not mere communication to a small group or private viewing."). Civil actions under the

10

DIIA should be read similarly in light of this distinction: mere access or downloading from an available source, does not equate to disclosure.

Finally, courts interpreting the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, ("SCA") have similarly rejected the notion that mere access to stored content constitutes "disclosure." The SCA distinguishes between unauthorized access and the disclosure or dissemination of communications, requiring an affirmative transmission to a third party to satisfy the latter. For example, in *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014), the court held that to constitute "disclosure" under the statute, information must be conveyed to someone else, not merely retrieved or viewed. This distinction underscores a broader principle: the act of accessing or downloading stored content—even from cloud-based platforms—does not itself amount to "disclosure" in the absence of any communication or transmission to another person, regardless of the avenue through which any materials are retrieved.

In Count II of Plaintiffs' Complaint, there is one mere reference to a possible, but entirely unsubstantiated, "disclosure" of the sexually explicit materials, beyond the alleged downloading of such materials to the phone from the cloud. Following this initial reference, Plaintiffs presuppose this theorized disclosure occurred without ever proving or definitively asserting the same. Specifically, Plaintiffs' Complaint states: "On information and belief, in violation of the DIAA, Defendant Lindsey disclosed one or more of the Images and Videos by downloading them from Plaintiff Jane Doe's iCloud account and/or by forwarding them to himself and other currently unknown third-parties." (ECF No. 1, ¶ 155). Following this, Plaintiffs' allegations state that Lindsey's distribution via text message meets this element. (*Id.* at ¶ 159). Plaintiffs assert this as fact despite that even they were unsure before of if or how the content was shared.

No evidence or allegations certain have been asserted that Lindsey "transfer[ed], publish[ed], distribute[d], or ma[de] accessible" Plaintiff Jane Doe's sexually explicit content. The only certain allegation in Plaintiffs' Complaint is that he merely accessed the offending materials, and caused them to be downloaded to Plaintiff Jane Doe's iPhone from the cloud. Without further explicit allegations regarding a true "disclosure," Lindsey cannot be liable for violating section 6851(b)(1)(A). Accordingly, Plaintiffs' have failed to state a claim upon which relief can be granted and this court should dismiss Count II of Plaintiffs' Complaint in its entirety.

### b. *These Defendants cannot be vicariously liable for Defendant Lindsey's alleged violations of the DIIA.*

Alternatively, Defendants Catherine, Robert, and Nienhouse Group, Inc. should be dismissed from Count II of Plaintiffs' Complaint as there is no vicarious liability for these Defendants for violation of the DIIA as alleged.

As stated in the prior section, "under the theory of *respondeat superior*, … an employer may be liable for his employee's torts when those torts were committed within the scope of the employment." *McQueen v. Green*, 2022 IL 126666, at ¶ 37. An exception to *respondeat superior* liability results where an employee embarks "on a frolic of his own," deviating his conduct outside the scope of his intended employment. *Scottsdale Ins. Co. v. Subscription Plus, Inc.*, 299 F.3d 618, 622 (7th Cir. 2002). An employee's state of mind is critical to delineation of this exception, as "the tortfeasing employee must think (however misguidedly) that he is doing the employer's business in committing the wrong" for his employer to be liable for his acts. *Hunter v. Allis–Chalmers Corp.*, 797 F.2d 1417, 1421–22 (7th Cir. 1986); *see also Olson v. Connerly*, 156 Wis.2d 488 (1990) ("an employee may be found to have acted within the scope of his or her employment as long as the employee was at least partially actuated by a purpose to serve the employer").

Here, any attempt to frame Lindsey's alleged conduct as within the scope of his employment should fail. In their Complaint, Plaintiffs assert that Lindsey's requested usage of Plaintiff Jane Doe's iPhone was for the purpose of "test[ing] a work based application." (ECF No. 1 at ¶¶ 6-7). The alleged subsequent "access[ing] and download[ing] of [Plaintiff Jane Doe's] private images and videos," therefore, falls outside the scope of this intended and anticipated task. (*Id.* at ¶ 8). Defendant Lindsey would have embarked on a "frolic" of his own accord in seeking out the iCloud and/or Photos applications, far beyond his intended stated use of the device. Nothing would indicate, nor have Plaintiffs explicitly asserted, that his alleged conduct was for the benefit of his employer, Nienhouse Group, or related to his originally stated task. Accordingly, vicarious liability against any Defendant should fail.

Further, as outlined above, "it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Group, Inc.*, 2013 WL 4734004, at *7-8. (internal quotations and citations omitted). Defendants Catherine and Robert are asserted to have no involvement in the alleged conduct of Lindsey beyond Plaintiffs' seeking of vicarious liability against them. This is simply, once again, not how vicarious liability operates. Even if Defendant Nienhouse Group is found to be vicariously liable for Lindsey's conduct, Catherine and Robert cannot be.

Therefore, for the reasons stated, Defendants Catherine, Robert, and Nienhouse Group, Inc. must be dismissed from Count II of Plaintiffs' Complaint.

### III. Count III of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Violation of the Electronic Communications Privacy Act Against These Defendants.

In Count III of their Complaint, Plaintiffs improperly conflate two distinct provisions of the Electronic Communications Privacy Act ("ECPA"): the Wiretap Act (Title I) and the Stored Communications Act (Title II) ("SCA"). The Wiretap Act prohibits the *interception* of

13

communications *in transit* (18 U.S.C. § 2511), while the SCA addresses *unauthorized access to stored electronic communications* (18 U.S.C. § 2701). Plaintiffs quote directly from § 2701(a), invoking language tied to stored communications, yet simultaneously allege that Defendant "intercepted" messages—framing the claim under the Wiretap Act and citing § 2520, the civil remedies provision of the Wiretap Act. These theories are mutually exclusive under federal law. Courts across the country have drawn a clear distinction between the Wiretap Act, which covers *contemporaneous interception*, and the SCA, which addresses unauthorized access to *stored* communications. *See, e.g.*, *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003); *U.S. v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002); *Steve Jackson Games, Inc. v. Secret Serv.*, 36 F.3d 457 (5th Cir. 1994). The Seventh Circuit acknowledged this distinction in *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016), but declined to adopt a definitive position.

Here, the only conduct alleged is that Lindsey accessed already-delivered Instagram messages and other saved content on Plaintiff's iPhone and iCloud storage—conduct that, even if true, does not violate either statute. This categorical failure to articulate a coherent legal theory, paired with the absence of facts supporting *any* ECPA violations, renders Count III fatally deficient and subject to dismissal in its entirety.

In the alternative, even if this Court were to entertain Plaintiffs' confused hybrid claim under both the Wiretap Act and SCA, both theories fail to state claims upon which relief can be granted, as set forth below.

### a. *Plaintiffs fail to state a claim for relief under the Wiretap Act.*

Plaintiffs' Wiretap Act theory fails as a matter of law because they do not—and cannot—allege that any communications were intercepted in transit. Courts have uniformly held that accessing stored communications, even without authorization, falls outside the statute's reach and

must instead be analyzed under the SCA, 18 U.S.C. § 2701 et seq. Plaintiffs allege only that Defendant Lindsey accessed already-received Instagram messages and other communications stored on Plaintiff Jane Doe's iPhone. They do not plead that any message was intercepted prior to delivery, or even that the messages were unread. *See Epstein*, 843 F.3d at 1151 (quoting *US v. Councilman*, 418 F.3d 67, 80 (1st Cir. 2005)). As such, their claims—while perhaps invoking privacy concerns—are not cognizable under the Wiretap Act and must be dismissed.

The Wiretap Act prohibits only the interception of communications while they are "in transit," not after they have been delivered or stored. *See Konop*, 302 F.3d at 878 (violations of the Wiretap Act necessitate interception "during transmission, not while … in electronic storage"); *Fraser*, 352 F.3d at 113-14 (retrieving stored emails does not violate the Wiretap Act). Courts applying the Act have repeatedly rejected attempts to impose liability for conduct involving access to stored messages, even when unauthorized.

Plaintiffs here allege that Lindsey accessed Instagram messages stored on Jane Doe's iPhone, but do not allege that he intercepted any communication contemporaneously with transmission. Accordingly, Plaintiffs fail to state a claim under the Wiretap Act, and these claims should be dismissed against all Defendants.

Even if Plaintiffs had plausibly alleged a violation of the Wiretap Act (which they have not), the claims would still fail as to Defendants Catherine, Robert, and Nienhouse Group. Courts have held that the Wiretap Act does not impose vicarious liability absent personal involvement in the interception or direction of the conduct. *See Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998) (an individual cannot be liable under the Wiretap Act on *respondeat superior* grounds, but rather only where they personally engaged in a violation) Moreover, as the Seventh Circuit explained, a governmental or corporate entity may only be liable if it maintains a policy or practice

15

that reasonably attributes the violation to the entity. *Id.* (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997)). Plaintiffs do not allege that These Defendants intercepted any communications themselves or directed Lindsey to do so. Accordingly, any attempt at imposing vicarious liability on the Wiretap Act claims must fail.

### b. Plaintiffs fail to state a claim for relief under the Stored Communications Act.

To the extent Plaintiffs attempt to assert a claim under the SCA, 18 U.S.C. § 2701 et seq., that claim also fails. The SCA prohibits unauthorized access to a "facility through which an electronic communication service is provided," and protects the integrity of communications that are in "electronic storage" on such a facility. *See* 18 U.S.C. § 2701(a). Courts have consistently limited the SCA's scope to third-party service providers—such as ISPs or cloud storage platforms—and have rejected efforts to apply it to personal devices or communications stored locally on a user's own phone. *See Loughnane v. Zukowksi, Rogers, Flood & McArdle*, No. 19 C 86, 2021 WL 1057278, *5 (N.D. Ill. Mar. 18, 2021) (no SCA violation where defendant accesses locally stored content on a physical device). Plaintiffs allege only that Lindsey accessed content stored on Plaintiff Jane Doe's iPhone, using her passcode. Even with respect to Instagram messages, access to messages already received and locally cached—viewable offline or in airplane mode—does not constitute unauthorized access to an Electronic Communication Service facility under § 2701. This is not the type of server-side intrusion the SCA was enacted to prohibit, and Count III must be dismissed for failure to state a claim.

Even if Plaintiffs had stated a valid claim under the SCA (they have not), the claim would still fail as to Defendants Catherine, Robert, and Nienhouse Group. The SCA, like the Wiretap Act, does not permit liability under a *respondeat superior* theory absent specific factual allegations establishing an agency relationship and direction or authorization of the unlawful conduct. *See Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 31 F. Supp. 3d 237, 271-73 (D.

16

Colum. 2014) (rejecting secondary and vicarious liability under the SCA without particularized facts showing direction or control). Courts require that a defendant personally engage in or direct the unauthorized access in order to be liable under § 2701. Plaintiffs do not allege that These Defendants personally accessed any communication facility or directed Lindsey to do so.

Accordingly, any attempt to impose vicarious liability under the SCA fails as a matter of law, and for the aforementioned reasons, Count III should be dismissed in its entirety, or, in the alternative, These Defendants must be dismissed.

**IV.    Count IV of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Negligent Violation of Plaintiffs' Privacy Rights Under the Criminal Nonconsensual Dissemination of Private Sexual Images Act, 720 ILCS 5/11-23.5, Against These Defendants.**

Count IV asserts that all Defendants negligently violated the standard of care set forth in the Criminal Nonconsensual Dissemination of Private Sexual Images Act ("NCDA"), 720 ILCS 5/11-23.5. Under this act, it is a criminal violation to disseminate a private, sexually explicit image of an identifiable person, obtained under circumstances indicating an expectation of privacy, where the disseminator knows or should know the person did not consent to its distribution. 720 ILCS 5/11-23.5(b). Plaintiffs allege that Lindsey violated this statute and that such violation constitutes prima facie evidence of negligence.

That is the full extent of Plaintiffs' theory in Count IV. They allege no conduct whatsoever by Defendants Catherine Nienhouse, Robert Nienhouse, or Nienhouse Group in connection with the alleged dissemination. Nor do they plead any breach of duty, participation in the alleged dissemination, or negligent conduct of any kind by these Defendants. Count IV also fails to include any well-pled allegations of agency, control, or other derivative liability theories that would support vicarious liability.

Even if Plaintiffs intended to pursue vicarious liability, such a theory fails as a matter of law. "It is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Group*, 2013 WL 4734004, at *7–8. Corporate officers are not personally liable for the torts of other employees absent allegations of personal participation or direction—none of which are present here. Likewise, corporate liability requires specific allegations tying the company itself to the tortious act—either through authorization or a policy that caused it. No such allegations appear in the Complaint.

Accordingly, because Count IV alleges no direct conduct by Catherine, Robert, or Nienhouse Group, and contains no well-pled allegations supporting vicarious liability or agency, the claim fails as to These Defendants.

**V.  Count V of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Civil Remedies for Violation of the Civil Remedies for Nonconsensual Dissemination of Private Sexual Images Act, 740 ILCS 190/1, Against These Defendants.**

The theory advanced in Count IV is grounded in an alleged criminal violation of the Nonconsensual Dissemination of Private Sexual Images Act, 720 ILCS 5/11-23.5, used as the basis for a negligence per se claim. In contrast, Count V proceeds under a separate statute—740 ILCS 190/1—creating a standalone civil cause of action for nonconsensual dissemination. Despite the statutory distinction, the pleading suffers from the same fundamental flaw: Plaintiffs fail to allege that Defendants Catherine, Robert, or Nienhouse Group engaged in any act of dissemination, let alone one satisfying the Act's intent and knowledge requirements.

To state a claim under 740 ILCS 190/1, a plaintiff must allege that a defendant intentionally disseminated a private sexual image of the plaintiff, knowing or should have known the plaintiff did not consent. The statute does not allow for liability based on mere negligence, indirect involvement, or passive association with the individual who allegedly disseminated the image.

18

Here, Plaintiffs do not plead that Catherine, Robert, or Nienhouse Group viewed, possessed, transmitted, or distributed any such image. Nor do they allege that these Defendants directed or assisted in any dissemination, or even had knowledge that any dissemination occurred.

As with Count IV, Count V contains no factual allegations supporting any viable theory of vicarious liability. "It is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Group*, 2013 WL 4734004, at \*7–8. Absent allegations that a corporate officer personally participated in or directed the conduct, personal liability does not attach. *Id.* Likewise, a corporate entity is not liable unless Plaintiffs allege facts supporting a theory of control, ratification, or that the conduct was committed in furtherance of an authorized corporate purpose. Plaintiffs make no such allegations here.

Accordingly, because Count V alleges no qualifying conduct by Catherine, Robert, or Nienhouse Group, and fails to support a theory of vicarious liability, it should be dismissed as to These Defendants.

## VI. Count VI of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Intrusion Upon Seclusion Against These Defendants.

Count VI asserts a common law claim for intrusion upon seclusion against all Defendants, contending that Lindsey accessed private content on Plaintiff Jane Doe's iPhone and that the remaining Defendants are liable for his alleged conduct. Under Illinois law, a claim for intrusion upon seclusion requires a plaintiff to plead: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion would be highly offensive or objectionable to a reasonable person; (3) the intrusion concerned private, not merely personal, matters; and (4) the intrusion caused anguish and suffering. *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 70 (2004); *Vega v. Chi.*

*Park Dist.*, 958 F. Supp. 2d 943, 959 (N.D. Ill. 2013). The third element—a showing that the subject matter was private—is a prerequisite to the others. *Busse*, 351 Ill. App. 3d at 70.

While Plaintiffs may contend that Lindsey accessed private materials on Jane Doe's phone, Count VI alleges no conduct by Defendants Catherine, Robert, or Nienhouse Group that could support liability. There are no factual allegations suggesting that any of these Defendants accessed private content, directed such access, or otherwise engaged in any intrusion. Catherine is alleged to have played only a post hoc HR role, and Robert's inclusion appears to be purely derivative. There are likewise no allegations suggesting that Nienhouse Group authorized, benefited from, or directed any allegedly intrusive conduct.

Intrusion upon seclusion is an intentional tort, and under Illinois law, an employer may only be held vicariously liable for such conduct where the employee was at least partially motivated by a purpose to serve the employer; where the act is committed solely for the employee's personal reasons, vicarious liability does not apply. *See Maras v. Milestone, Inc.*, 348 Ill. App. 3d 1004, 1008 (2d Dist. 2004) (citing *Sunseri v. Puccia*, 97 Ill. App. 3d 488, 493 (1st Dist. 1981); *Webb v. Jewel Cos., Inc.*, 137 Ill. App. 3d 1004, 1006 (1st Dist. 1985)). Moreover, "[i]t is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Group*, 2013 WL 4734004, at *7–8. Absent allegations that a corporate officer personally participated in or directed the conduct, personal liability does not attach. *Id.* Plaintiffs do not allege that Lindsey's conduct was committed for any business purpose or that Catherine or Robert directed or condoned any alleged intrusion. Without allegations of benefit, direction, or agency, *respondeat superior* liability cannot lie.

Accordingly, Count VI fails to state a claim against Catherine, Robert, and Nienhouse Group, and should be dismissed as to each.

**VII.    Count VII of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Trespass to Chattels Against These Defendants.**

Count VII asserts a common law claim for trespass to chattels against all Defendants, apparently based on Lindsey's alleged access to and interference with Plaintiff Jane Doe's iPhone and its contents. Plaintiffs allege no facts suggesting that Catherine, Robert, or Nienhouse Group engaged in any direct act constituting interference with Plaintiff's property, nor any facts plausibly supporting derivative liability.

Under Illinois law, "[t]respass to personal property involves an injury to or interference with possession of chattel, with or without physical force." *Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 850 (N.D. Ill. 2023) (quoting *Zissu v. IH2 Prop. Ill., L.P.*, 157 F. Supp. 3d 797, 803 (N.D. Ill. 2016)). "A trespass to a chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." *Id.* Plaintiffs plead no conduct by Catherine or Robert suggesting they accessed, interfered with, or even possessed the subject device or its data. Their inclusion in this count appears entirely derivative. Likewise, there are no allegations that Nienhouse Group directed or authorized the conduct, or that it was performed in furtherance of any corporate purpose.

As with Count VI, because trespass to chattels is an intentional tort, an employer may only be held vicariously liable if the employee's conduct was at least partially motivated by a purpose to serve the employer. *See Maras*, 348 Ill. App. 3d at 1008. Acts committed solely for personal reasons—such as the alleged unauthorized access here—fall outside the scope of employment and cannot be imputed to the employer or its agents. Moreover, "[i]t is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Group*, 2013 WL 4734004, at *7–8. Absent allegations that a corporate officer personally participated in or directed the conduct, personal

21

liability does not attach. *Id.* Plaintiffs do not allege that Lindsey's conduct furthered any business purpose or that Catherine or Robert directed, condoned, or were otherwise involved in the alleged interference.

Accordingly, Count VII fails to state a claim against Catherine, Robert, and Nienhouse Group, and should be dismissed as to each.

## VIII. Count VIII of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Conversion Against These Defendants.

Count VIII asserts a common law claim for conversion, apparently based on Lindsey's alleged access to and use of Plaintiff Jane Doe's iPhone and the digital contents stored on it. Plaintiffs do not allege that Defendants Catherine, Robert, or Nienhouse Group engaged in any act of control or dominion over the device or its contents, nor do they plead facts that could support derivative liability.

To state a claim for conversion under Illinois law, a plaintiff must allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership over the plaintiff's personal property by the defendant; (2) the plaintiff's right in the property; (3) the plaintiff's absolute and unconditional right to immediate possession; and (4) a demand for return of the property. *General Motors Corp. v. Douglass*, 206 Ill. App. 3d 881, 885–86 (1st Dist. 1990). The essence of conversion is a wrongful deprivation of possession, as opposed to mere use or interference. *In re Thebus*, 108 Ill.2d 255, 259 (1985).

Plaintiffs' allegations fall short of these elements. They do not allege that Lindsey dispossessed Jane Doe of her phone, refused to return it, or asserted ownership over it. At most, they claim that Lindsey accessed and viewed content while briefly in possession of the phone. That type of temporary and limited use—even if unauthorized—does not amount to conversion under Illinois law.

22

Moreover, to the extent Plaintiffs' claim rests on alleged access to digital content stored on the phone, their claim fails. In Illinois, "an action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible." *In re Thebus*, 108 Ill.2d at 260. Digital files and contents are "insufficiently tangible property for a conversion claim." *Dino Publ'g LLC v. Maritimo Mktg. Ams., Inc.*, Case No. 19 C 1921, 2019 WL 3857875, *3 (N.D. Ill. Aug. 16, 2019) (citing *Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767, 780 (N.D. Ill. 2017); *Ogbolumani v. Young*, 2015 IL App (1st) 141930-U, ¶ 33).

As with Counts V through VII, conversion is an intentional tort. An employer may only be held vicariously liable where the employee acted at least in part to serve the employer's interest. *Maras*, 348 Ill. App. 3d at 1008. "It is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Group*, 2013 WL 4734004, at *7–8. Absent allegations that a corporate officer personally participated in or directed the conduct, personal liability does not attach. *Id.* Plaintiffs do not allege that Catherine or Robert engaged in or directed any tortious conduct, and the Complaint lacks any facts supporting vicarious liability against Nienhouse Group.

Accordingly, Count VIII fails to state a claim against These Defendants and should be dismissed.

## IX.  Count IX of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Defamation Against These Defendants.

Count IX purports to assert a claim for defamation but fails to identify any specific defamatory statement—no actual words, no speaker, no recipient, no context. This is a fundamental pleading defect. Under Illinois law, a plaintiff must plead the alleged defamatory words *verbatim* or with sufficient specificity to identify the substance and meaning of the communication. Vague allusions to reputational harm or alleged "dissemination" do not suffice.

To state a claim for defamation under Illinois law, a plaintiff must allege: (1) a false statement about the plaintiff; (2) an unprivileged publication of that statement to a third party; and (3) that the publication caused damage to the plaintiff. *Bryson v. News Am. Publ'ns, Inc.*, 174 Ill.2d 77, 87 (1996). A statement is only defamatory if it "tends to harm the reputation of another such that it lowers them in the eyes of the community or deters others from associating with them." *Id.* (citing Restatement (Second) of Torts § 559). Vague, conclusory, or generalized assertions that do not identify a specific false and harmful statement fail as a matter of law. *Id.*

A defamatory statement is actionable *per se,* if it falls within one of several limited categories so inherently harmful that reputational injury is presumed. These include words that: (1) impute the commission of a criminal offense; (2) impute infection with a loathsome communicable disease; (3) impute an inability to perform or a lack of integrity in one's job or office; (4) prejudice a person in their profession or trade; or (5) falsely accuse a person of fornication or adultery. *Id.* at 88–89; *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1, 10–11 (1992); *Owen v. Carr*, 113 Ill.2d 273, 277–78 (1986); *see also* 740 ILCS 145/1 et seq. For statements not fitting these categories, a plaintiff must plead and prove actual pecuniary harm to recover. *Id.* Even in *per se* cases, the plaintiff must still allege the actual words used, the context in which they were spoken, and publication to a third party. Vague accusations and conclusory allegations will not suffice. *Id.*

Plaintiff's claim appears to rely entirely on conduct attributed to Lindsey. Plaintiffs plead no facts suggesting that Defendants Catherine, Robert, or Nienhouse Group published any statement themselves, authorized such conduct, or otherwise engaged in defamation. Defamation, like other intentional torts, does not give rise to vicarious liability unless committed within the scope of employment and for the employer's benefit. *Maras*, 348 Ill. App. 3d at 1008. There is no

such allegation here. "It is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Grp., Inc.*, 2013 WL 4734004 at *7–8. Plaintiffs do not allege that Catherine or Robert personally participated in or directed any defamatory act, and personal liability cannot be imposed in their individual capacities.

Accordingly, Count IX fails to state a claim against These Defendants, and should be dismissed.

**X.    Count X of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Negligent Infliction of Emotional Distress Against These Defendants.**

Count X of Plaintiffs' Complaint sounds in negligent infliction of emotional distress. To state a claim for negligent infliction of emotional distress under Illinois law, a plaintiff must allege that the defendant owed and breached a duty of care owed to them, that there was an injury proximately caused by that breach, and that they "suffered a physical impact or injury that was contemporaneous with the defendant's negligent conduct." *Doe v. Columbia Collect Chi.*, 299 F. Supp. 939, 965 (N.D. Ill. 2017) (citing *Harris v. US*, No. 13-CV-8584, 2017 WL 770969, at *6 (N.D. Ill. Feb. 28, 2017) and *Schweihs v. Chase Home Fin., LLC*, 2016 IL 120041, ¶¶ 38-42 (2016)).

Plaintiffs' Complaint does not allege any personal conduct, duty, or omission by Defendants Catherine or Robert that could support individual liability under this theory. Their inclusion in Count X appears to rest solely on their roles within the corporate entity. However, Illinois law does not support personal liability for corporate officers or employees under negligence theories where no personal duty or actionable conduct is pled. *See Savanna Group, Inc.*, 2013 WL 4734004, at *7–8.

Nor does Count X establish any basis for *respondeat superior* liability against Nienhouse Group. Plaintiffs do not allege that Defendant Lindsey's conduct occurred within the scope of his employment or was undertaken in furtherance of Nienhouse Group's business. Absent such allegations, the Complaint fails to state a claim for negligent infliction of emotional distress against the corporate entity.

To the extent Plaintiffs seek to impose vicarious liability on Catherine and Robert in their individual capacities for the acts of another employee, such a theory is legally defective. The employer—not an individual officer or manager—is the proper subject of *respondeat superior* liability. *Id.* Because Count X alleges no facts supporting either direct or vicarious liability against Catherine, Robert, or Nienhouse Group, they must be dismissed.

## XI.    Count XI of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Intentional Infliction of Emotional Distress Against These Defendants.

Count XI purports to state a claim for intentional infliction of emotional distress ("IIED") against all Defendants, based on the alleged access to private material on Plaintiff Jane Doe's phone and subsequent dissemination. However, the Complaint fails to allege any extreme or outrageous conduct by Defendants Catherine Nienhouse-Lindsey, Robert Nienhouse, or Nienhouse Group. No facts are pled suggesting that Catherine or Robert engaged in, condoned, or directed any of the alleged behavior, and Plaintiffs do not allege any specific act by these Defendants that rises to the level of intentional misconduct. Their inclusion appears to rest solely on their association with Defendant Lindsey or their positions within Nienhouse Group.

To state a claim for intentional infliction of emotional distress ("IIED") under Illinois law, a plaintiff must allege: (1) that the defendant's conduct was truly extreme and outrageous; (2) that the defendant intended to inflict emotional distress or knew there was a high probability their conduct would cause such distress; and (3) that the conduct in fact caused severe emotional

distress. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 268–69 (2003) (citing *McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988)). The "extreme and outrageous" standard is stringent: the conduct must "go beyond all possible bounds of decency" and be "regarded as intolerable in a civilized community." *Feltmeier*, 207 Ill.2d at 274 (quoting *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1, 21 (1992)). Mere offensiveness, indignities, or insult, even if intentional, will not suffice. *See McGrath*, 126 Ill.2d at 86–87.

Illinois courts also recognize that isolated incidents generally do not meet the threshold for IIED unless they involve exceptionally egregious facts. However, a continuing course of conduct can satisfy the "outrageousness" element where a single incident would not. *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 746 (1st Dist. 2001); *McGrath*, 126 Ill. 2d at 90.

While a pattern of misconduct may render otherwise insufficient acts actionable, the Complaint alleges no conduct by Catherine, Robert, or Nienhouse Group at all. Plaintiffs plead no facts indicating that these Defendants accessed any material, directed any dissemination, or otherwise participated in or ratified Lindsey's alleged behavior. Their inclusion appears to rest solely on their association with Lindsey or their corporate roles.

As an intentional tort, IIED is not subject to vicarious liability unless the conduct was clearly committed within the scope of employment and at least partially for the employer's benefit. *See Maras*, 348 Ill. App. 3d at 1008. There are no such allegations here. And "[i]t is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by … employees or agents." *Savanna Group*, 2013 WL 4734004 at *7–8. Absent allegations that a corporate officer personally directed or participated in the misconduct, personal liability does not attach.

Accordingly, Count XI fails to state a claim for intentional infliction of emotional distress as to Catherine, Robert, and Nienhouse Group, and should be dismissed as to each.

## XII. Count XII of Plaintiffs' Complaint Fails to State a Claim Upon Which Relief can be Granted for Negligent Retention Against These Defendants.

Count XII of Plaintiffs' Complaint sounds in negligent retention against Defendants Catherine, Robert, and Nienhouse Group. As to Defendants Catherine and Robert, in their individual capacities as alleged, Plaintiffs' claim must fail. As to Nienhouse Group, Plaintiffs' claims also fall flat.

To state a claim for negligent hiring or retention under Illinois law, a plaintiff must allege that: (1) the employer knew or should have known that the employee had a particular unfitness that created a danger of harm; (2) this unfitness was known or should have been known at the time of hiring or retention; and (3) the unfitness proximately caused the plaintiff's injury. *Mueller v. Cmty. Consol. Sch. Dist. 54*, 287 Ill. App. 3d 337, 341–42 (1st Dist. 1997); *Johnson v. Mers*, 279 Ill. App. 3d 372, 376 (2d Dist. 1996). The basis for liability is the employer's own negligence in hiring or retaining the employee—not vicarious liability for the employee's acts. *Carter v. Skokie Valley Detective Agency*, 256 Ill. App. 3d 77, 80 (1st Dist. 1993); *Young v. Lemons*, 266 Ill. App. 3d 49, 52 (4th Dist. 1994).

Plaintiffs plead no facts indicating that Nienhouse Group, or any individual Defendant, had knowledge of any specific unfitness by Lindsey at the time of his hiring or retention, let alone that any such unfitness proximately caused Plaintiffs' alleged injuries. Absent such allegations, Count XII fails as a matter of law. *Mueller*, 287 Ill. App. 3d at 342; *Van Horne v. Muller*, 185 Ill. 2d 299, 310–11 (1998).

Negligent retention is also a tort that attaches to an employer, not to individual employees acting in managerial or supervisory roles. *Doe v. Coe*, 2019 IL 123521, at ¶ 33 (2019) ("Negligent

28

retention [is a] direct cause of action against [an] employer for the[ir] … misconduct in … retain[ing] [an] employee."). Negligent retention is explicitly recognized as "a cause of action *against an employer*." *Van Horne v. Muller*, 185 Ill.2d 299, 310 (1998) (emphasis added); see also *Johnson v. Mers*, 279 Ill. App. 3d 372, 376 (2d Dist. 1996); *Carter v. Skokie Valley Detective Agency, Ltd.*, 256 Ill. App. 3d 77, 80 (1st Dist. 1993); *Bates v. Doria*, 150 Ill. App. 3d 1025, 1030 (2d Dist. 1986).

Plaintiffs attempt to hold Defendants Catherine and Robert personally liable for alleged failures in employee retention, yet assert no allegations that they were themselves the employers, nor that they had *exclusive* authority to hire, fire, or retain Lindsey on behalf of the corporate entity. Illinois law does not support personal liability for corporate officers or employees for negligent retention claims where they acted only in the course of their employment.

Accordingly, to the extent Count XII seeks to impose individual liability on Defendants Catherine and Robert, as well as direct liability on Defendant Nienhouse Group, it fails as a matter of law and must be dismissed.

## **CONCLUSION**

For the aforementioned reasons These Defendants respectfully request that this Court dismiss Counts 1 through 12 of Plaintiffs' Complaint as outlined in this Motion.

WHEREFORE, Defendants, NIENHOUSE GROUP, INC., CATHERINE NIENHOUSE-LINDSEY and ROBERT NIENHOUSE, respectfully request that this Honorable Court grant their Motion, and enter an Order as follows:

(1) Dismissing **Count I** in its entirety, or, in the alternative, dismissing These Defendants from Count I;

(2) Dismissing **Count II** in its entirety, or, in the alternative, dismissing These Defendants from Count II;

(3)     Dismissing **Count III** of Plaintiff's Complaint in its entirety, or, in the alternative, dismissing These Defendants from Count III;

(4)     Dismissing **Count IV** as to These Defendants;

(5)     Dismissing **Count V** as to These Defendants;

(6)     Dismissing **Count VI** as to These Defendants;

(7)     Dismissing **Count VII** as to These Defendants;

(8)     Dismissing **Count VIII** as to These Defendants;

(9)     Dismissing **Count IX** as to These Defendants;

(10)    Dismissing **Count X** as These Defendants;

(11)    Dismissing **Count XI** as to These Defendants;

(12)    Dismissing **Count XII** as to These Defendants;

(13)    And granting any such other and further relief as this Court deems just and proper.

Dated: June 24, 2025                                Respectfully submitted,

                                                    LITCHFIELD CAVO LLP.


                                            By:     */s/ Patrick J. Ruberry*
                                                    One of the Attorneys for Defendants
                                                    CATHERINE NIENHOUSE-LINDSEY and
                                                    ROBERT NIENHOUSE

Patrick J. Ruberry (6188844)
Zachary G. Stillman (6342749)
LITCHFIELD CAVO LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6675/6672
(312) 781-6630 fax
ruberry@litchfieldcavo.com
stillman@litchfieldcavo.com