**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jane Doe and John Doe, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-04235 |
| ) | |
| Nienhouse Group, Inc., Nick Lindsey, ) | Judge Matthew F. Kennelly |
| Catherine Nienhouse-Lindsey and Robert ) | |
| Nienhouse, ) | Magistrate Judge M. David |
| ) | Weisman |
| Defendants. ) | |
| ) | |

**DEFENDANT NICK LINDSEY'S MOTION TO DISMISS
COUNTS I-V AND VII-X**

Defendant, Nick Lindsey ("Lindsey"), for his Motion to Dismiss Counts I-V and VII-X pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

**INTRODUCTION**

Plaintiffs' fifty-page, twelve count, 272-allegation-long Complaint is a valiant effort to shoehorn a discrete set of facts into a panoply of claims. As a result, the vast majority of the counts can be described only as the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" which Rule 12(b)(6) is designed to address. *See Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). This motion seeks to "clear out the brush," at this initial stage, by dismissing nine of the eleven claims against Lindsey, leaving only the fact intensive torts of intrusion by seclusion and intentional infliction of emotional distress.

***First***, Lindsey joins his Co-Defendants' Motion to Dismiss (Dkt. 48) as to Counts I-III. Simply, these statutes do not apply here.

***Second***, Counts IV-V and VII-X all fail due to Plaintiffs' attempt to stretch both the bounds of their respective legal theories and the *Twombly-Iqbal* standard. For example, Count IV attempts to create civil liability under a criminal statute and Count V invites the Court to "credit rank speculation" by premising its claim entirely on a single allegation that "upon information and belief evidence exists which will demonstrate" the essential element of dissemination has been satisfied; an approach to pleading already rejected by this District. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960 (N.D. Ill. 2020)(alleging dissemination "upon information and belief" was insufficient). Further, Count VII, trespass to chattel, and Count VIII, conversion, are both premised on harm to intangible digital assets, a theory which Illinois does not recognize. Finally, Count IX, defamation, is entirely speculative, and Count X, negligent infliction of emotional distress, fails to include any physical manifestation of this emotional damage.

In the end, Counts I-V and VII-X should be dismissed. The case should move forward with a focus on the only two claims which approach plausibility (at least at this, the earliest stage): intrusion upon seclusion and intentional infliction of emotional distress.

## FACTUAL ALLEGATIONS BY PLAINTIFFS

Nick Lindsey ("Lindsey") and Jane Doe are both employees of Nienhouse Group, Inc. ("Nienhouse Group"). Nienhouse Group provides "court-appointed monitoring systems" such as breathalyzers and GPS monitors in a less stigmatizing electronic package that connects to the customer's cell phone device. ECF No. 1 ¶40-6. John Doe is not an employee of Nienhouse Group but is the boyfriend of Jane Doe.

All of the claims in this case stem from one event. On January 27, 2025, at approximately 3:00 p.m., Lindsey asked Jane Doe if he could use her personal iPhone to test an application that was being utilized by Nienhouse Group. *Id*. ¶52. Jane Doe provided Lindsey with her phone to perform the tests, and Lindsey took it into a conference room. *Id*. ¶55-6. At some point thereafter, Jane Doe, still having her headphones connected to her iPhone, heard moans she recognized as belonging to herself and her partner, John Doe. *Id*. ¶57-8. Lindsey returned the iPhone to Jane Doe around 5:00 p.m. *Id*. ¶62.

The next day, Jane Doe sent an email to Robert Nienhouse (the CEO of Nienhouse Group) and Catherine Nienhouse-Lindsey (the head of Human Resources for Nienhouse Group) explaining the events of the day before:

- At approximately 3:00 p.m., Nick Lindsey arrived at the Oak Brook office to assist me with packing two shipments for OSPS.

- [Nick Lindsey] mentioned he needed to run tests on some watches and asked to use my phone to confirm if the device would sync. I provided my phone and shared my passcode (220055) so he could proceed with the tests.

- A few minutes later, Nick informed me that he had to move to the conference room to continue testing due to the internet failing to

3

- connect from where we were. Since the conference room is close to my office, I did not see an issue with this.

- While he worked, I continued my tasks, listening to a podcast using my Beats Airpods. However, I began to notice unusual sounds through my AirPods, which I initially dismissed as internet connection issues. Then, to my horror, I recognized moaning noises, followed by hearing my partner's voice in a personal video that was stored in the "hidden" folder of my phone's gallery (which you need a passcode for and he had it). It became evident and I realized that my headphones were intersecting and connecting to my phone which is how I was able to hear my personal content being replayed multiple times from my phone. It became very clear that Nick was going through my private photos and videos without my consent.

- By 4:40 PM, Nick was nowhere to be found, and I still had not received my phone back, so I sent Nick a message via Gmail chat: "Hey, it's 4:40 PM. Did you want to send the shipment out? I need to leave at 5."

- At 4:55 PM, Nick returned to my office, visibly shaken (his hands were shaking and he would not look me in the eye at all), and handed me my phone. He avoided any explanation and simply stated that I could leave if I wanted. I immediately left the office, feeling violated and distraught.

- After checking my phone later, I discovered further violations of my privacy. Nick not only accessed my private photos and videos but also went through my private messages and social media accounts. I noticed that certain unread messages had been opened and viewed, even though I had not accessed them myself.

- When I received my phone back, I noticed that the photos app on my phone was opened, and it was directly opened to the Hidden folder. That proved that he was going through my private/personal content because all my apps were closed and cleared before I handed him the phone to install an app for work.

*Id.* at ¶61. On April 17, 2025, Jane and John Doe filed their complaint asserting eleven claims against Lindsey. Lindsey now moves to dismiss all claims except for

4

Count VI, intrusion upon seclusion and Count IX, intentional infliction of emotional distress under Rule 12(b)(6).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a defendant can move to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) requires that a claim give fair notice of the claim's basis, including well-pleaded factual allegations showing the claim for relief is ***plausible***. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under the *Twombly-Iqbal* standard of pleading, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do[.]" Nor will "threadbare recitals of elements of cause of action, supported by mere conclusory statements, […] suffice." *Iqbal*, 556 U.S. at 678. Thus, allegations may be made upon information and belief where "facts are particularly in possession and control of defendant" or where "the belief is based on factual information that makes the inference of culpability plausible." *Green v. Beth*, 663 Fed. Appx. 471, 474 (7th Cir. 2016).

## ARGUMENT

**I. Lindsey Joins In His Co-Defendants' Motion To Dismiss Counts I, II And III For Failure To State A Claim.**

Lindsey moves to dismiss Counts I-III by joining and incorporating by reference the facts and arguments contained in Sections I(a), II(a), III(a) and III(b) of Defendants Nienhouse Group, Inc., Catherine Nienhouse-Lindsey, and Robert Nienhouse's Motion to Dismiss (Dkt. 48). The arguments contained therein as to Plaintiffs' failure to state a claim under the CFAA, DIIA, Wiretap Act and Stored Communications Act apply with equal force to Lindsey and are derived from the same allegations. Lindsey shares the interpretations of the aforementioned statutes with his Co-Defendants. Lindsey would add, as to John Doe, Count III makes no allegations as to any communications of John Doe being "intercepted." *Id.* ¶179.

**II. Count IV Must Be Dismissed As "Negligent Violations of Plaintiffs' Privacy Rights" Is Not A Cognizable Claim.**

In Count IV, Plaintiffs assert a claim of "Negligent Violations of Plaintiffs' Privacy Rights" alleging Lindsey violated the standard of care set forth in the Criminal Nonconsensual Dissemination of Private Sexual Images Act ("NCDA"), 720 ILCS 5/11-23.5. This is not a viable claim.

The NCDA is a criminal statute that does not itself provide a private right of action. Further, "Negligent Violations of Plaintiffs' Privacy Rights" is not a tort. Illinois has four causes of action for invasion of privacy: (1) intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) public disclosure of private facts; and (4) publicity placing another in a false light. *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 71 (1st Dist. 2004). Count IV is none of these.

Further, while "[i]n a common law negligence action, a violation of a statute or ordinance designed to protect human life or property is prima facie evidence of negligence,"[1] Count IV is not stylized as a common law negligence claim (nor could it be as it is not one of the aforementioned categories of invasion of privacy torts.)

### III. Count V Must Be Dismissed For Lack Of Intentional Dissemination.

In Count V, Plaintiffs allege Lindsey violated the Nonconsensual Dissemination of Private Sexual Images Act, 740 ILCS 190/1, *et seq.* ("NDPSIA"). NDPSIA only applies to the intentional dissemination of images. *See* 740 ILCS 190/10(a). Plaintiffs have not sufficiently alleged an intentional dissemination. The closest Plaintiffs come is alleging:

> ***upon information and belief –evidence exists which will demonstrate*** that Mr. Lindsey forwarded one or more of the Images and Videos to himself using a means of interstate commerce after Mr. Lindsey inputted nicklindsey507@gmail.com into her iPhone at approximately 4:20 p.m. on January 27, 2025.

ECF No. 1 ¶50. However, pleading "upon information and belief [that] evidence exists which will demonstrate" dissemination occurred is insufficient under the *Twombly-Iqbal* standard. *See Taha* 947 F.3d at 469 *(*"A complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation [and] when considering the viability of a claim in the face of a Rule 12(b)(6) challenge, we may reject sheer speculation, bald assertions, and unsupported conclusory statements").

In *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960 (N.D. Ill. 2020), this District addressed a nearly identical scenario. Rather that offering factual support,

---

[1] *Abbasi ex rel. Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 394 (Ill. 1999).

7

the plaintiff relied solely on an allegation that "upon information and belief" the defendant disseminated biometric information (an essential element in the plaintiff's BIPA claim). *Id*. at 969. This District granted the defendant's Rule 12(b)(6) motion because the information suggesting dissemination was not exclusively in the defendant's possession, and therefore, if the plaintiff had a legitimate reason to suspect dissemination occurred, he was required to plead it rather than ask the court to "credit rank speculation." *Id*. at 969; *see also Green v. Beth*, 663 Fed. Appx. 471, 474 (7th Cir. 2016) (A plaintiff may plead "upon information and belief" where the "facts are particularly in possession and control of defendant," or where "the belief is based on factual information that makes the inference of culpability plausible").

Here, the evidence Plaintiffs "upon information and belief" assert "exists" and will "demonstrate" dissemination is not exclusively in Defendants' control. Plaintiffs now, and at all times, have been in exclusive possession of the iPhone from which this information was allegedly sent. Plaintiffs have already performed a forensic review of this iPhone to determine if dissemination occurred. ECF No. 1 ¶¶94-108. Simply, there is no asymmetry of access; the iPhone is and has been exclusively in Jane Doe's possession since the events of January 27, 2025 allegedly occurred.

Nor is it plausible to infer dissemination occurred. Plaintiffs' forensic review of the iPhone apparently yielded no evidence of dissemination as the Complaint continues to rely only upon "information and belief" that such evidence exists. The Complaint included metadata obtained in that review, but none of the metadata

shows the images ever left Jane Does' iPhone. Further, on the face of the Complaint, this theory of dissemination is implausible:

- The email Jane Doe sent the day after these events makes no mention of these images being sent to Lindsey or Lindsey's email being "inputted." ECF No. 1 ¶66.

- The time in which Lindsey allegedly "inputted" an email, "approximately 4:20" is **before** the videos and emails were allegedly accessed. *Id*. ¶¶95-108.

- The method by which these images and videos were apparently disseminated is entirely unknown. It is only alleged that Lindsey "inputted" an email, for which there is no evidence provided.

- Even after a "costly forensic review" there are no claims of disclosure other than those made in a conclusory manner "upon information and belief." *Id*. ¶¶50, 80, 155, 160, 189, 199.

Thus here, like *Heard,* with nothing more than an allegation that "upon information and belief –evidence exists" the element of dissemination has not been plausibly pled. This Court should decline to "credit rank speculation"[2] and swing open the doors of intrusive discovery based upon "information and belief [that] evidence exists."

**IV. Count VII, Trespass to Chattels Must Be Dismissed For Lack Of A Tangible Chattel.**

In Count VII, Plaintiffs assert a claim for trespass to chattels. Plaintiffs' theory is that Lindsey, by using the iPhone handed to him by Jane Doe and allegedly accessing Jane Doe's photos, "caused Jane Doe to suffer harm to her personal property in the form of her iPhone, her iCloud account and the Images and Videos that she stored in a hidden folder on her iPhone and in her iCloud account." ECF No. 1 ¶220.

---

[2] *Heard*, 440 F. Supp. 3d 969.

To state a prima facie cause of action for trespass to chattels, the plaintiff must allege: (1) the defendants' unauthorized or wrongful assumption of control, dominion, or ownership of the plaintiff's property; (2) the plaintiff's right in the property; (3) the plaintiff's right to immediate possession; (4) the plaintiff's demand for possession; and (5) dispossession resulted in damages. *Antonelli v. Sherrow*, 2005 WL 2338813, at *10 (N.D. Ill. Sept. 21, 2005) Plaintiffs' claim fails on multiple grounds.

***First***, at the most basic level, the images, videos, and iCloud account are intangible digital assets; there is no "recognized cause of action in Illinois for a trespass to chattel claim based on trespass to an intangible such as digital information." *See Doe 1 v. Chestnut Health Sys., Inc.*, 1:24-CV-01475-JEH-RLH, 2025 WL 1616635, at *8 (C.D. Ill. June 6, 2025) (personally identifiable information does not qualify as a chattel under Illinois law); *see also Ogbolumani v. Young,* 2015 IL App (1st) 141930-U, ¶ 33 ("[T]here is no recognized cause of action in Illinois for a trespass to chattel claim based on trespass to an intangible such as digital information […]digital information […] is not tangible personal property and therefore is not chattel").

***Second***, as to the iPhone, an element of a trespass to chattels claim is "unauthorized or wrongful assumption of control," of said chattel. *Antonelli v. Sherrow*, 2005 WL 2338813, at *10 (N.D. Ill. Sept. 21, 2005) Lindsey was authorized to use and possess the iPhone and therefore his access to the only tangible "chattel" was authorized. ECF No. 1 ¶¶54, 61.

10

***Third***, for a trespass to chattels claim to accrue, the dispossession must result in damages. There is no allegation of any damage to the iPhone beyond a conclusory allegation of "damage." *Id.* ¶220. This is insufficient. *See Fidlar Techs. v. LPS Real Estate Data Sols.*, Inc., 82 F. Supp. 3d 844, 859 (C.D. Ill. 2015) ("Since Fidlar points to no information in the record beyond its conclusory assertion that its computer network was interfered with and its computer physically "touched," it has not shown the existence of anything in the record that a jury could rely upon to find for it on the trespass to chattels claim.")

## V. Count VII, Conversion Must Be Dismissed For Failing To Allege Conversion Of A Tangible Asset.

In Count VIII Plaintiffs assert Lindsey converted Jane Doe's "iPhone, iCloud and her Instagram account" when he accessed them with the phone he was handed. ECF No. 1 ¶226.

The elements of a conversion claim in Illinois are: (1) a right to the property; (2) an absolute and unconditional right to the immediate possession of the property; (3) a demand for possession; and (4) that the [defendant] wrongfully and without authorization assumed control, dominion, or ownership over the property. *Kennedy v. Intraspectrum Counseling, Ltd.*, 699 F. Supp. 3d 667, 670–71 (N.D. Ill. 2023). For the same reasons as Count VII above, this is not a viable claim.

***First***, as to the iCloud and Instagram Account, "Illinois courts do not recognize an action for conversion of intangible rights." *Am. Nat'l Ins. Co. v. Citibank, N.A.*, 543 F.3d 907, 910 (7th Cir. 2008). "Digital files are intangible property that generally cannot give rise to a claim for conversion in Illinois." *Breuder v. Bd. of Trustees of*

11

*Cmty. Coll. Dist. No. 502, DuPage Cnty., Illinois*, 15-CV-09323, 2020 WL 11138332, at *2 (N.D. Ill. Nov. 30, 2020); *see Life After Hate, Inc. v. Free Radicals Project, Inc.*, No. 18 C 6967, 2019 WL 2644237, at *7–8 (N.D. Ill. June 27, 2019) ("Illinois courts do not recognize conversion claims for ... digital property...."); *Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767, 781 (N.D. Ill. 2017) ("[A] digital file is insufficiently connected to tangible property for a conversion claim to survive.").

***Second***, as to the iPhone, Lindsey did not wrongfully assume control over the iPhone without permission. Plaintiffs themselves pled that Jane Doe gave Nick Lindsey the iPhone. ECF No. 1 ¶¶53-4; 61. Any act exceeding that permission relates to intangible assets, which as stated *infra,* cannot be the basis for a conversion claim. Nor is there any allegation that Jane Doe made a demand for the return of the iPhone.

## VI. Count IX, Defamation, Must Be Dismissed For Failure To Allege A Non-Privileged Defamatory Statement or Damages.

In Count IX, Plaintiffs assert Nick Lindsey defamed Jane Doe[3] by "telling Defendants Catherine Nienhouse-Lindsey and Robert Nienhouse that Jane Doe has made false statements about what Lindsey did on January 27, 2025." ECF No. 1 ¶236.

To state a claim for defamation a plaintiff must show that: (1) defendant made false statement about her; (2) defendant made unprivileged publication of that statement to third party; and (3) that publication caused damages, or harm is obvious on its face. *Beverly v. Abbott Laboratories*, 107 F.4th 737, 749 (7th Cir. 2024). Jane Doe has failed to plead a viable claim.

---

[3] This count is also inexplicably brought by John Doe, but there are no allegations of harm to him. As to John Doe, Count IX should be dismissed.

12

***First,*** Jane Doe does not allege the substance of the allegedly defamatory statement with the necessary precision or particularity. While a plaintiff need not "plead exact words spoken," the substance "must be stated with sufficient precision and particularity so as to permit initial judicial review of its defamatory content ... [and] so that the defendant may properly formulate an answer and identify any potential affirmative defenses." *Kallemeyn Collision Ctr., Inc. v. Standard Fire Ins. Co.*, 628 F. Supp. 3d 769, 775 (N.D. Ill. 2022). Mere "summaries of the types of statements defendant presumably made" are not sufficient. *Osumdairo v. Glandian*, 591 F. Supp. 3d 353, 362 (N.D. Ill. 2022); *see also Green v. Rogers*, 234 Ill. 2d 478, 487 (2009). A summary of the types of statements presumably made is precisely what Jane Doe has pled, asserting Lindsey has told others Jane Doe "has made false statements […] about what Mr. Lindsey did on January 27, 2025." ECF No. 1 ¶236-39. At most, Jane Doe has pled that Lindsey stated a different opinion from Jane Doe as to the events on January 27, 2025, which is not actionable. *Lifton v. Bd. of Educ. of City of Chicago,* 318 F. Supp. 2d 674, 678 (N.D. Ill. 2004) ("Statements of opinion are not actionable as defamation").

***Second,*** as to the Plaintiffs' allegation of defamation *per se*, Illinois recognizes five categories of defamation *per se*: (1) imputing that a person has committed a crime; (2) imputing that a person is infected with a loathsome communicable disease; (3) imputing that a person is unable to perform or lacks integrity in performing her or his employment duties; (4) imputing that a person lacks ability or otherwise prejudices that person in her or his profession; and (5) imputing that a person has

13

engaged in adultery or fornication." *Dobias v. Oak Park & River Forest High Sch. Dist. 200*, 2016 IL App (1st) 152205, ¶ 55. Whatever the content is of this statement, it does not fall into any of these categories.

***Third***, Lindsey's comments were privileged. The alleged statements were made in the context of an internal investigation, a privilege, and made in self-defense, also a privilege. *See Popko v. Cont'l Cas. Co.*, 355 Ill. App. 3d 257, 264 (1st Dist. 2005); *Rodriguez-Erdmann v. Ravenswood Hosp. Med. Ctr.*, 190 Ill. App. 3d 24, 32 (1st Dist. 1989); *Conti v. Doe*, 535 F. Supp. 3d 257, 275 (S.D.N.Y. 2021)(New York Law).

## VI. Count X, Negligent Infliction Of Emotional Distress, Must Be Dismissed For Lack Of A Physical Impact Or Injury.

In Count X, Jane Doe asserts a claim for negligent infliction of emotional distress resulting from Lindsey improperly accessing and watching hidden Videos while Lindsey was in possession of her iPhone. ECF No. 1 ¶246.

To state a claim for negligent infliction of emotional distress under Illinois law, a plaintiff must allege that the defendant owed and breached a duty of care owed to them, that there was an injury proximately caused by that breach, and that they "suffered a physical impact or injury that was contemporaneous with the defendant's negligent conduct." *Doe v. Columbia Collect Chi.*, 299 F. Supp. 939, 965 (N.D. Ill. 2017).

Merely pleading, as Jane Doe has here, "severe emotional distress, anxiety and post-traumatic stress," is not enough. Rather, a direct victim of alleged negligent infliction of emotional distress (*i.e.* the person that the negligent conduct has directly affected) must show the emotional distress was accompanied by a contemporaneous

14

physical injury to or impact on them. *Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 821 (N.D. Ill. 2016). Disrupted sleep patterns, headaches, mental anguish, depression, and anxiety do not meet the requirements of contemporaneous physical impact for negligent infliction of emotional distress claims. *Id*. Nor do sleeplessness, discomfort, fear, and regret meet the high bar of NIED impact. M*ichalezewski v. CSX Transp., Inc.*, No. 05 C 3363, 2007 WL 2875627, at *7 (N.D. Ill. Sept. 30, 2007). Plaintiffs have not pled, nor does the complaint plausibly suggest, that Jane Doe experienced any contemporaneous physical injury demonstrating emotional distress and therefore dismissal is required. *See Prokop v. Hileman*, 588 F. Supp. 3d 825 Fn. 4 (N.D. Ill. 2022) ("[The court would dismiss because] plaintiff alleges emotional distress (her anxiety), but no physical manifestations of that distress."). Count X must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Nick Lindsey respectfully requests this Honorable Court grant the above requested relief.

Respectfully submitted,

*Nick Lindsey,*

*/s/ James W. Scales*
James W. Scales
Yates M. French
Rathje Woodward LLC
300 E. Roosevelt Rd. Suite 220
Wheaton, IL 60187
(630) 668-8500
jscales@rathjelaw.com
yfrench@rathjelaw.com

15

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 24, 2025 the foregoing was served on all counsel of record via CM/ECF filing.

/s/James W. Scales