IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe and John Doe, | |
| Plaintiffs, | No. 25-cv-04235 |
| v. | Judge Matthew F. Kennelly |
| Nienhouse Group, Inc., Nick Lindsey, Catherine Nienhouse-Lindsey and Robert Nienhouse, | Magistrate Judge M. David Weisman |
| Defendants. | |

**DEFENDANT NIENHOUSE GROUP, INC'S
ANSWERS TO PLAINTIFFS' INTERROGATORIES**

NOW COMES Defendant, NIENHOUSE GROUP, INC., by and through its attorneys, Wood Smith Henning & Berman, LLP, and for his Answers and Objections to Plaintiffs' Interrogatories, states as follows:

1. Identify all instances where Defendant Nick Lindsey utilized Plaintiff Jane Doe's iPhone for a business purpose related to the operation of Nienhouse Group, Inc. (d/b/a CAT Systems and/or Trac Solutions), explain the purpose and scope of Defendant Lindsey's use of Jane Doe's iPhone and explain whether and why Mr. Lindsey asked to use Jane Doe's iPhone rather than use his own device or one issued by or paid for by Nienhouse Group, Inc.

**ANSWER:** Objection. This interrogatory seeks information more appropriately directed to Defendant Nick Lindsey, whose conduct is not within this Defendant's knowledge and who is not represented by this counsel. Further objecting, this interrogatory is overly broad, not limited in scope as to time, assumes facts not in evidence, and, to the extent this interrogatory seeks information relating to communications between Defendants Catherine Nienhouse-Lindsey and Nick Lindsey, any such information is protected by marital communications privilege. Subject to and without waiving said objections, this defendant lacks sufficient information to respond to this interrogatory and therefore is unable to provide a substantive answer.

2. Identify all oral and written Communications (a) between any Defendants related to Plaintiff Jane Doe's claim that Defendant Nick Lindsey viewed the Images and Videos on Jane Doe's iPhone on January 27, 2025, including, but not limited to Communications involving one or more of the Defendants and (b) with any Defendants and attorney Julia Ross. If Defendants contend that any Communications are privileged, please log your Communications.

**ANSWER:** **Objection. This interrogatory is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of this case. Further objecting, to the extent this interrogatory seeks information relating to communications between Defendants Catherine Nienhouse-Lindsey and Nick Lindsey, any such information is protected by marital communications privilege. Additionally, to the extent this interrogatory seeks information relating to communications between Robert Nienhouse and Julia Ross, any such information is protected by the attorney client privilege and work product doctrine. Subject to and without waiving such objections, with respect to oral communications, such inquiry is more properly suited to be raised at oral deposition. Further answering, see attached privilege log.**

3. Identify all personal and/or work-related cellular or Electronic Devices that Defendant Nick Lindsey have owed, purchased, borrowed or used since January 1, 2025.

**ANSWER:** **Objection. This interrogatory seeks information more appropriately directed to Defendant Nick Lindsey, whose conduct is not within this Defendant's knowledge and who is not represented by this counsel. Subject to and without waiving said objection, this defendant lacks sufficient information to respond to this interrogatory and therefore is unable to provide a substantive answer.**

4. Identify all information technology-based training, certificates and education that Defendant Nick Lindsey received from the age of twenty to the present.

**ANSWER:** **Objection. This interrogatory seeks information more appropriately directed to Defendant Nick Lindsey, whose conduct is not within this Defendant's knowledge and who is not represented by this counsel. Further objecting, this interrogatory is overly broad, unduly burdensome, overly expansive with regard to time, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case. Subject to and without waiving said objections, this defendant lacks sufficient information to respond to this interrogatory and therefore is unable to provide a substantive answer.**

5. If any Defendant denies that Defendant Nick Lindsey did not view the Images and Videos on Plaintiff Jane Doe's iPhone on January 27, 2025, and/or denies downloading the Images and Videos, identify all facts, witnesses, Data and Documents which support any denial.

**ANSWER:** **Objection. This interrogatory seeks information more appropriately directed to Defendant Nick Lindsey, whose conduct is not within this Defendant's knowledge and who is not represented by this counsel. Further objecting, this interrogatory assumes facts not in evidence and improperly requires this defendant to prove a negative. Subject to and without waiving said objections, this defendant denies the referenced allegation due to lack of sufficient knowledge or information to admit it. This defendant is not presently aware of any facts, witnesses, data, or documents that affirmatively support this denial.**

6. If any Defendant denies that Defendant Nick Lindsey did not download one or more of the Images and Videos on Plaintiff Jane Doe's iPhone on January 27, 2025, identify all facts, witnesses, Data and Documents which support any such denial or denials.

**ANSWER:** **Objection. This interrogatory seeks information more appropriately directed to Defendant Nick Lindsey, whose conduct is not within this Defendant's knowledge and who is not represented by this counsel. Further objecting, this interrogatory assumes facts not in evidence and improperly requires this defendant to prove a negative. Subject to and without waiving said objections, this defendant denies the referenced allegation due to lack of sufficient knowledge or information to admit it. This defendant is not presently aware of any facts, witnesses, data, or documents that affirmatively support this denial.**

7. Explain why Defendants (a) Nienhouse Group, Inc., (b) Catherine Nienhouse-Lindsey and/or (c) Robert Nienhouse declined to pay for a forensic audit of Plaintiff Jane Doe's iPhone in response to her claims that Defendant Lindsey viewed the Images and Videos on Plaintiff Jane Doe's iPhone on January 27, 2025, without her consent.

**ANSWER:** **Objection. This interrogatory seeks information in part more appropriately directed to Defendants Catherine Nienhouse-Lindsey and Robert Nienhouse, who are not represented by the undersigned counsel. Further objecting, this interrogatory is vague, ambiguous, overbroad, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of this case, and is better suited to be raised at oral deposition.**

8. Identify all steps that Defendants (a) Nienhouse Group, Inc., (b) Catherine Nienhouse-Lindsey and/or (c) Robert Nienhouse undertook to investigate whether Defendant

Lindsey viewed the Images and Videos on Plaintiff Jane Doe's iPhone on January 27, 2025, without her consent.

**ANSWER:** **Objection. This interrogatory seeks information in part more appropriately directed to Defendants Catherine Nienhouse-Lindsey and Robert Nienhouse, who are not represented by the undersigned counsel. Further objecting, this interrogatory is vague, ambiguous, overbroad, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of this case, and is better suited to be raised at oral deposition.**

9. Did Defendants (a) Nienhouse Group, Inc., (b) Catherine Nienhouse-Lindsey and/or (c) Robert Nienhouse (or anyone on their behalf) instruct Defendant Lindsey to preserve Communications and Data as part of any investigation into Plaintiff Jane Doe's claims that Defendant Lindsey viewed the Images and Videos on her iPhone on January 27, 2025, without her consent? If your answer is "yes", explain and Identify the nature and scope of your instructions and/or Communications. If your answer is "no", explain why you did not instruct Defendant Lindsey to preserve Communications and Data as part of any investigation into Plaintiff Jane Doe's claims that Defendant Lindsey viewed the Images and Videos on her iPhone on January 27, 2025, without her consent.

**ANSWER: Objection. This interrogatory seeks information in part more appropriately directed to Defendants Catherine Nienhouse-Lindsey and Robert Nienhouse, who are not represented by the undersigned counsel. Further objecting, this interrogatory is vague, ambiguous, overbroad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of this case. Additionally, to the extent this interrogatory seeks information relating to communications between Defendants Catherine Nienhouse-Lindsey and Nick Lindsey, any such information is protected by marital communications privilege.**

10. Has Defendant Lindsey even been accused of improperly accessing the content of any cellular device, smart phone or personal device of any employees of Nienhouse Group, Inc. other than Jane Doe? If your answer is "yes", explain and identify all facts, witnesses, Communications and Data which relate to any such accusation, including the nature of any subsequent investigation and the result of any such investigation.

**ANSWER:** **Objection. This interrogatory is vague, overly broad, not limited in scope as to time, and contains a typographical error that renders the request ambiguous. It appears Plaintiff intended to ask whether Defendant Nick Lindsey has *ever* been accused of improperly accessing the content of another employee's device, rather than whether he has *even* been so accused. Further objecting, this interrogatory seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of this case. Subject to and without waiving said objections, and interpreting the interrogatory as referring to whether Defendant Nick Lindsey has ever been so accused, no.**

11. Has Defendant Nick Lindsey been reprimanded and/or disciplined as a result of him being accused of viewing Images and Videos from Jane Doe's iPhone on January 27, 2025? If "yes", explain the nature and/or basis for any reprimand and/or discipline and describe the type of reprimand and/or discipline received.

**ANSWER:** **Objection. This interrogatory seeks information in part more appropriately directed to Defendant Nick Lindsey, who is not represented by the undersigned counsel. Further objecting, this interrogatory is vague and misleading as to its use of the term "being accused," seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and seeks information regarding inadmissible post remedial measures.**

12. Prior to January 27, 2025, did Defendant Nick Lindsey owe and iPhone for the purpose of helping him to test applications that Defendant Nienhouse Group, Inc. utilizes and/or provides to clients? If your answer is "no", explain why Nienhouse Group, Inc. did not have a company iPhone for the purposes of it being able to have employees such as Nick Lindsey test applications that Nienhouse Group, Inc. utilizes and/or provides to clients.

**ANSWER:** **Objection. This interrogatory is overly broad, not limited in scope as to time, and contains a typographical error that renders it unintelligible, specifically the phrase "did Defendant Nick Lindsey *owe and iPhone*," which is unintelligible as written. This defendant is unable to discern the intended meaning of this interrogatory and therefore cannot respond to it as phrased. To the extent a clarified and properly worded interrogatory is later served, this Answer will be supplemented.**

13. Prior to January 27, 2025, did Defendant Nienhouse Group, Inc. have a company owned iPhone for the purpose of helping Defendant Nick Lindsey to test applications that Defendant Nienhouse Group, Inc. utilizes and/or provides to clients? If your answer is "no", explain

why Nienhouse Group, Inc. did not have a company iPhone for the purposes of it being able to have employees such as Nick Lindsey test applications that Nienhouse Group, Inc. utilizes and/or provides to clients.

**ANSWER:** **Objection. This interrogatory is vague, ambiguous, overbroad, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of this case, and is better suited to being raised at oral deposition.**

14. Explain why (a) Nienhouse Group, Inc., (b) Catherine Nienhouse-Lindsey and/or (c) Robert Nienhouse did not require Defendant Lindsey's cellular and Electronic Devices to be examined prior to this lawsuit being filed?

**ANSWER:** **Objection. This interrogatory seeks information in part more appropriately directed to Defendants Catherine Nienhouse-Lindsey and Robert Nienhouse, who are not represented by the undersigned counsel. Further objecting, this is vague, ambiguous, overbroad, seeks information that is not relevant to any party's claim or defense, is not proportional to the needs of this case, and is better suited to being raised at oral deposition.**

15. Withing the past six months, has Defendant Nienhouse Group, Inc. had any difficulties in paying its payroll as indicated by its counsel's correspondence dated March 12, 2025, where Defendant Nienhouse Group, Inc.'s counsel wrote that "my clients' [sic] financial condition is dire as the company is barely making payroll"? If your answer is "yes", Identify all facts, witnesses, persons, Documents, Data and Communications which support your answer and defense counsel's statement.

**ANSWER:** **Objection. This interrogatory seeks information not relevant to any party's claim or defense and is not proportional to the needs of the case.**

16. Did Defendant Catherine Nienhouse-Lindsey (in capacity as a member of Defendant Nienhouse Group, Inc.'s human resources department) communicate orally and/or in writing with Defendant Nick Lindsey about Plaintiff Jane Doe's claims that Mr. Lindsey viewed Images and Videos from Jane Doe's iPhone on January 27, 2025, *or* did Ms. Nienhouse-Lindsey recuse herself from any communications because she was married to Mr. Lindsey? If you answer states that

Defendant Catherine Nienhouse-Lindsey communicated orally and/or in writing with Mr. Lindsey about Plaintiff Jane Doe's claims that Mr. Lindsey viewed Images and Videos from Jane Doe's iPhone on January 27, 2025, in her capacity as Nienhouse Group, Inc.'s human resources department, explain *why* Defendant Nienhouse-Lindsey did not recuse herself from these communications given her spousal relationship with Mr. Lindsey.

**ANSWER:** **Objection. This interrogatory seeks information more appropriately directed to Defendants Catherine Nienhouse-Lindsey and Nick Lindsey, who are not represented by the undersigned counsel. Further objecting, this interrogatory is vague, ambiguous, overbroad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of this case. Further objecting, to the extent this interrogatory seeks information relating to communications between Defendants Catherine Nienhouse-Lindsey and Nick Lindsey, any such information is protected by marital communications privilege. Additionally, Catherine is not a member of the human resources department.**

17. Have (a) Nienhouse Group, Inc., (b) Catherine Nienhouse-Lindsey and/or (c) Robert Nienhouse had any personal or business relationship with the law firm McDonald Hopkins or any attorney employed by McDonald Hopkins <u>before</u> attorney Ross of McDonald Hopkins was hired by Defendant Nienhouse Group, Inc. and/or Robert Nienhouse to investigate Plaintiff Jane Doe's claims that Defendant Nick Lindsey viewed Images and Videos from Jane Doe's iPhone on January 27, 2025? If your answer is "no", explain when and how Defendant Nienhouse Group, Inc., Defendant Catherine Nienhouse-Lindsey and/or Defendant Nienhouse retained Julia Ross to investigate Plaintiff Jane Doe's claims that Defendant Nick Lindsey viewed Images and Videos from Jane Doe's iPhone on January 27, 2025.

**ANSWER:** **Objection. This interrogatory seeks information in part more appropriately directed to Defendants Catherine Nienhouse-Lindsey and Robert Nienhouse, who are not represented by the undersigned counsel. Further objecting, this interrogatory is vague, ambiguous, overbroad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of this case. Additionally, the reasons for retaining counsel to investigate are irrelevant, immaterial, and requests for such are abusive.**

18. Identify the amount of hours charged by McDonald Hopkins and/or Julia Ross for the work performed by Ms. Ross's investigation of Plaintiff Jane Doe's claims that Defendant Lindsey viewed the Images and Videos on her iPhone on January 27, 2025, without her consent.

**ANSWER:** **Objection. This interrogatory seeks information not relevant to any party's claim or defense and is not proportional to the needs of the case.**

19. Identify the specific application that Defendant Lindsey was attempting to audit or test on January 27, 2025, when he asked to utilize Plaintiff Jane Doe's iPhone on January 27, 2025.

**ANSWER:** **Objection. This interrogatory seeks information more appropriately directed to Defendant Nick Lindsey, whose conduct is not within this Defendant's knowledge and who is not represented by this counsel. Further objecting, to the extent this interrogatory seeks information relating to communications between Defendants Catherine Nienhouse-Lindsey and Nick Lindsey, any such information is protected by marital communications privilege. Subject to and without waiving said objection, this defendant lacks sufficient information to respond to this interrogatory and therefore is unable to provide a substantive answer.**

20. Identify all cellular telephone numbers and email addresses that Defendant Nick Lindsey used during January 27, 2025, to send and receive text messages and to send and receive emails.

**ANSWER:** **Objection. This interrogatory seeks information more appropriately directed to Defendant Nick Lindsey, whose conduct is not within this Defendant's knowledge and who is not represented by this counsel. Subject to and without waiving said objection, this defendant lacks sufficient information to respond to this interrogatory and therefore is unable to provide a substantive answer.**

Respectfully submitted,
**NIENHOUSE GROUP, INC.**

By: */s/ Jonathon J. Ibarra*
Jonathon J. Ibarra (ARDC 6309298)
Ryan M. Neri (ARDC 6300419)
**Wood, Smith, Henning & Berman LLP**
222 South Riverside Plaza - Suite 640
Chicago, Illinois 60606
jibarra@wshblaw.com
rneri@wshblaw.com

38837206.1:12748-0004

## VERIFICATION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, I, Robert Nienhouse, under penalty of perjury, state that I am authorized to make this verification on behalf of Defendant Nienhouse Group, Inc., and that I have read the foregoing Answers to Plaintiffs' Interrogatories. To the best of my knowledge, information, and belief formed after reasonable inquiry, the foregoing answers are true and correct. These answers have been prepared with the assistance and advice of counsel, upon whose advice I have relied. The answers set forth herein, subject to inadvertent or undiscovered errors, are based on and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these answers. I therefore reserve the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information becomes available.

Robert Nienhouse