IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe and John Doe, | |
| Plaintiffs, | No. 25-cv-04235 |
| v. | Judge Matthew F. Kennelly |
| Nienhouse Group, Inc., Nick Lindsey, Catherine Nienhouse-Lindsey and Robert Nienhouse, | Magistrate Judge M. David Weisman |
| Defendants. | |

**DEFENDANT NIENHOUSE GROUP, INC.'S
RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**

NOW COMES Defendant, NIENHOUSE GROUP, INC., by and through its attorneys, Wood Smith Henning & Berman, LLP, and for its Responses and Objections to Plaintiff's Requests for Production, states as follows:

1. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 1.

**RESPONSE: Objection. This request is derivative of interrogatory No. 1, which this defendant objected to and was unable to answer substantively. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

2. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 2.

**RESPONSE: Objection. This request is derivative of interrogatory No. 2, which this defendant objected to. Without waiving said objections, see attached privilege log.**

3. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 3.

**RESPONSE**: **Objection. This request is derivative of interrogatory No. 3, which this defendant objected to and was unable to answer substantively. Subject to and without waiving said objections, none.**

   4. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 4.

**RESPONSE**: **Objection. This request is derivative of interrogatory No. 4, which this defendant objected to and was unable to answer substantively. Subject to and without waiving said objections, none.**

   5. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 5.

**RESPONSE**: **Objection. This request is derivative of interrogatory No. 5, which this defendant objected to and denied the referenced allegation based on lack of knowledge. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

   6. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 6.

**RESPONSE**: **Objection. This request is derivative of interrogatory No. 6, which this defendant objected to and denied the referenced allegation based on lack of knowledge. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

   7. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 7.

**RESPONSE**: **Objection. This request seeks documents that do not exist or are not within Defendants' possession, custody, or control. Further objecting, the request is vague and ambiguous as to the term "related to." Subject to and without waiving said objections, none.**

   8. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 8.

**RESPONSE**: **Objection. This request seeks documents that do not exist or are not within Defendants' possession, custody, or control. Further objecting, the request is vague and**

**ambiguous as to the term "related to." Subject to and without waiving said objection, see attached privilege log.**

  9. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 9.

**RESPONSE: Objection. This request is derivative of interrogatory No. 9, which this defendant objected to and denied the referenced allegation.**

  10. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 10.

**RESPONSE: Objection. This request is derivative of interrogatory No. 10, which this defendant objected to and denied the referenced allegation. Subject to and without waiving said objections, none.**

  11. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 11.

**RESPONSE: Objection. This request is derivative of interrogatory No. 11, which this defendant objected to and denied the referenced allegation.**

  12. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 12.

**RESPONSE: Objection. This request is derivative of interrogatory No. 12, which this defendant objected to and was unable to answer substantively due to ambiguity and typographical errors. Subject to and without waiving said objections, none.**

  13. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 13.

**RESPONSE: Objection. This request is derivative of interrogatory No. 10, which this defendant objected to and denied the referenced allegation.**

  14. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 14.

**RESPONSE: Objection. This request is derivative of interrogatory No. 10, which this defendant objected to and denied the referenced allegation.**

15. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 15.

**RESPONSE: Objection. This request is derivative of interrogatory No. 15, which this defendant objected to and denied the referenced allegation.**

16. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 16.

**RESPONSE: Objection. This request is derivative of interrogatory No. 16, which this defendant objected to. To the extent this Request seeks any materials relating to communications between Defendants Catherine Nienhouse-Lindsey and Nick Lindsey, any such materials are protected by marital communications privilege. Subject to and without waiving said objections, none.**

17. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 17.

**RESPONSE: Objection. This request is derivative of interrogatory No. 17, which this defendant objected to and denied the referenced allegation.**

18. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 18.

**RESPONSE: Objection. This request is derivative of interrogatory No. 18, which this defendant objected to.**

19. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 19.

**RESPONSE: Objection. This request is derivative of interrogatory No. 19, which this defendant objected to and was unable to answer substantively. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

20. Produce all Communications, Documents and Data that are responsive and/or related to your answer(s) to Interrogatory No. 20.

**RESPONSE**: Objection. This request is derivative of interrogatory No. 20, which this defendant objected to and was unable to answer substantively. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.

21. Produce all photographs and videos that Defendant Nick Lindsey obtained Plaintiff Jane Doe's iPhone and/or her iCloud account *on* January 27, 2025.

**RESPONSE**: Objection. This request seeks materials that this defendant does not and has never possessed. Further objecting, this request seeks content that, if it existed, would be protected from disclosure under privacy laws and applicable discovery restrictions governing the handling of alleged intimate images. This request is also grammatically deficient and ambiguous as written, including the omission of the word "from" in the phrase "obtained Plaintiff Jane Doe's iPhone," which renders the request unclear. Subject to and without waiving said objections, none.

22. Produce all photographs and videos that Defendant Nick Lindsey obtained Plaintiff Jane Doe's iPhone and/or her iCloud account *prior to* January 27, 2025.

**RESPONSE**: Objection. This request seeks materials that this defendant does not and has never possessed. Further objecting, this request is overly broad, not limited in scope as to time, and seeks content that, if it existed, would be protected from disclosure under privacy laws and applicable discovery restrictions governing the handling of alleged intimate images. This request is also grammatically deficient and ambiguous as written, including the omission of the word "from" in the phrase "obtained Plaintiff Jane Doe's iPhone," which renders the request unclear. Subject to and without waiving said objections, none.

23. Produce all Communications between Julia Ross and Nick Lindsey between January 27, 2025, to the date of your response.

**RESPONSE**: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Subject to and without waiving said objection, none.

24. Produce all Communications between Julia Ross and Catherine Nienhouse-Lindsey between January 27, 2025, to the date of your response where the Communications relate to the investigation that Ms. Ross performed in response to Plaintiff Jane Doe's allegations that Defendant Lindsey viewed the Images and Videos which were located on Plaintiff Jane Doe's iPhone.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Catherine Nienhouse-Lindsey. Subject to and without waiving said objection, none.**

25. Produce all Communications between Julia Ross and Robert Nienhouse between January 27, 2025, to the date of your response where the Communications relate to the investigation that Ms. Ross performed in response to Plaintiff Jane Doe's allegations that Defendant Lindsey viewed the Images and Videos which were located on Plaintiff Jane Doe's iPhone.

**RESPONSE: Objection. This request seeks communications that are protected by the attorney-client privilege and work product doctrine. Without waiving said objection, see attached privilege log.**

26. Produce the report/conclusions that Julia Ross submitted to Defendant Nienhouse Group, Inc. and/or Defendant Robert Nienhouse where the Communications relate to the investigation that Ms. Ross carried out in response to Plaintiff Jane Doe's allegations that Defendant Lindsey viewed the Images and Videos which were located in Plaintiff Jane Doe's iPhone.

**RESPONSE: Objection. This request seeks communications that are protected by the attorney-client privilege and work product doctrine. Without waiving said objection, see attached privilege log.**

27. Produce all Communications to and from Julia Ross (or any other person) between January 27, 2025, to the date of your response, where the communications informed Defendant Nick Lindsey to preserve all of his cellular phones and Electronic Devices and not delete any data or information on cellular phones and Electronic Devices related to Plaintiff Jane Doe's accusations that Defendant Nick Lindsey had viewed Images and Videos from Jane Doe's iPhone on January 27, 2025.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request is overly broad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case. Subject to and without waiving said objection, none.**

28. Produce all Communications to and from Julia Ross (or any other person) between January 27, 2025, to the date of your response, where the communications informed Defendant Nick Lindsey to not delete any data or information on his cellular phones and Electronic Devices related to Plaintiff Jane Doe's accusations that Defendant Nick Lindsey had viewed Images and Videos from Jane Doe's iPhone on January 27, 2025.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request is overly broad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case. Subject to and without waiving said objection, none.**

29. Produce all Communications to and from Julia Ross (or any other person) between January 27, 2025, to the date of your response, where the communications informed Defendant Nick Lindsey to not update any of his cellular phones and Electronic Devices because Mr. Lindsey was being investigated about whether you viewed Images and Videos from Jane Doe's iPhone on January 27, 2025.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request is overly broad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case. Subject to and without waiving said objection, none.**

30. Produce all Data which reflects that Defendant Nick Lindsey *did not* view any of Jane Doe's Images or Videos on January 27, 2025.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request improperly requires this defendant to identify materials that would disprove an allegation regarding another Defendant's conduct, and thus impermissibly seeks to compel proof of a negative. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

31. Produce all Data which reflects that Defendant Nick Lindsey *did not* download any of Jane Doe's Images or Videos on January 27, 2025.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request improperly requires this defendant to identify materials that would disprove an allegation regarding another Defendant's conduct, and thus impermissibly seeks to compel proof of a negative. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

32. Produce all Data which reflects that Defendant Nick Lindsey viewed any of Jane Doe's Images or Videos on January 27, 2025.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request improperly requires this defendant to identify materials that would disprove an allegation regarding another Defendant's conduct, and thus impermissibly seeks to compel production of information outside this defendant's knowledge or control. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

33. Produce all Data which reflects that Defendant Nick Lindsey downloaded any of Jane Doe's Images or Videos on January 27, 2025.

**RESPONSE: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request improperly requires this defendant to identify materials that would disprove an allegation regarding another Defendant's conduct, and thus impermissibly seeks to compel production of information outside this defendant's knowledge or control. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

34. Produce all communications relating to any reservation of rights issued by any insurer for Defendants.

**RESPONSE: See Defendant Robert Nienhouse and Defendant Catherine Nienhouse's production response for correspondence.**

35. Produce Defendant Nienhouse Group, Inc.'s 2024 and 2023 tax returns.

**RESPONSE: Objection. This request is overly broad, seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not sought in good faith.**

36. Produce Defendant Robert Nienhouse's 2024 and 2023 tax returns.

**RESPONSE**: Objection. This request seeks materials more appropriately sought from Defendant Robert Nienhouse. Further objecting, this request is overly broad, unduly burdensome, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case.

37. Produce Defendant Nick Lindsey's 2024 and 2023 tax returns.

**RESPONSE**: Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request is overly broad, seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not sought in good faith. Subject to and without waiving said objections, none.

38. Produce Defendant Catherine-Lindsey's Lindsey's 2024 and 2023 tax returns.

**RESPONSE**: Objection. This request seeks materials more appropriately sought from Defendant Catherine Nienhouse-Lindsey. Further objecting, this request is overly broad, seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not sought in good faith. Subject to and without waiving said objections, none.

39. Produce Defendant Nienhouse Group, Inc.'s certified financial audits for the years 2024 and 2023.

**RESPONSE**: Objection. This request is overly broad, seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not sought in good faith.

40. Produce all documents related to Defendant Nienhouse Group, Inc.'s net worth for the years 2024 and 2023.

**RESPONSE**: Objection. This request is overly broad, seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not sought in good faith.

41. Produce balance sheets for Defendant Nienhouse Group, Inc.'s for the years 2024 and 2023.

**RESPONSE**: Objection. This request is overly broad, seeks information not relevant to any party's claim or defense, is not proportional to the needs of the case, and is not sought in good faith.

42. Produce Defendant Nick Lindsey's cellular phone records and bills which depict his cellular activity on January 27, 2025.

**RESPONSE**: **Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request is overly broad, seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case. Subject to and without waiving said objections, none.**

43. Produce any emails or text messages that Defendant Nick Lindsey *sent* on January 27, 2025, between the hours of 3:00 p.m. and 5:00 p.m.

**RESPONSE**: **Objection. This request seeks materials more appropriately sought from Defendant Nick Lindsey. Further objecting, this request improperly requires this defendant to identify materials that would disprove an allegation regarding another Defendant's conduct, and thus impermissibly seeks to compel production of information outside this defendant's knowledge or control. Subject to and without waiving said objections, none. Investigation continues and this defendant reserves its right to supplement this response in accordance with its review of forensic inspection materials produced.**

        Respectfully submitted,
        **NIENHOUSE GROUP, INC.**

        By: */s/ Jonathon J. Ibarra*
        Jonathon J. Ibarra (ARDC 6309298)
        **Wood, Smith, Henning & Berman LLP**
        222 South Riverside Plaza - Suite 640
        Chicago, Illinois 60606
        rneri@wshblaw.com
        jibarra@wshblaw.com