IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe and John Doe, | |
| Plaintiffs, | No. 25-cv-04235 |
| v. | Judge Matthew F. Kennelly |
| Nienhouse Group, Inc. and Nick Lindsey, | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF FILING – REGARDING THE DECLARATION OF JAY LAWHON, DIGITAL FORENSIC CONSULTANT AT CROWE LLP**

NOW COME the Plaintiffs, Jane Doe and John Doe ("Plaintiffs"), by their counsel, James C. Vlahakis, and submit this Certificate of Service – Regarding the Declaration of Jay Lawhon, Digital Forensic Consultant at Crowe LLP:

1. At today's motion hearing, Plaintiffs' counsel represented "[m]y data analysis from Crowe … LLP – [t]hat I have hired for Ms. Doe … ha[s] determined there is no backup" of the MacBook device that is subject to Plaintiffs' pending Motion for Sanctions (Dkt. 70). Sept. 2, 2025, Transcript at p. 19, lines 13-17.

2. In particular, in response to Plaintiffs' counsel's above representation, the following exchange took place:

> THE COURT: All right. So now back to the question that we started off with which is -- so I think we've kind of cleared a couple things out of the way. It doesn't appear -- it doesn't appear that we'll have from Mr. Lindsey's end any alternate data source for that particular data of what was on the MacBook because there's no backup.
>
> MR. VLAHAKIS: That's correct.

Sept. 2, 2025, Transcript at p. 20, lines 14-20.

3. To supplement the record, attached as <u>Exhibit 1</u> (Dkt. 90-1) is the Declaration of Jay Lawhon, Digital Forensic Consultant at Crowe LLP, wherein Mr. Lawhon states that he was given log-in credentials for the subject MacBook and

1

determined that no iCloud-based backup exists of the missing MacBook. Exhibit 1 at ¶¶7-8. His declaration states (in relevant part) that "[t]here is not way for me access or review data from Defendant Lindsey's work-issued MacBook unless the Defendant's vendor, Innovative Driven, has already collected a forensic image of the device[.]" *Id.* at ¶9.

4. Further, as discussed in Court today, it is Plaintiffs' position that Defendant Lindsey "downloaded many more videos and images to [the MacBook]", which "would enhance the value of this case, the damages to my client." Sept. 2, 2025, Transcript at p. 26, lines 5-9.

5. Of course, Plaintiffs are committed to working with Defendants to undertake all steps to determine whether there are alternative means of replicating/recovering data to reflect how many intimate Images and Videos Defendant Lindsey downloaded when his work-issued MacBook was attached to Jane Doe's iPhone on January 27, 2025. *See, e.g.,* ¶9 of Mr. Lawhon's declaration.

Respectfully submitted,

/s/ James C. Vlahakis
Vlahakis Law Group LLC
20 N. Clark Street Suite 3300
Chicago, IL 60602
312-766-0511
jamesv@vlahakislaw.com

*Counsel for Plaintiffs*