IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe and John Doe,<br><br>    Plaintiffs,<br><br>    v.<br><br>Nienhouse Group, Inc., Nick Lindsey,<br><br>    Defendants. | No. 25-cv-04235<br><br>Judge Matthew F. Kennelly |

**STIPULATION AND ORDER REGARDING
THE FORENSIC INSPECTION OF JANE DOE'S IPHONE[1]**

Pursuant to Fed. R. Civ. P. 26(f), and the Court's order dated September 2, 2025 [Dkt. No. 89(4)], Plaintiffs Jane Doe and John Doe and Defendants Nienhouse Group, Inc. and Nick Lindsey (collectively the "Parties"), have stipulated and agreed to the following with respect to the forensic inspection of Jane Doe's iPhone ("Forensic Inspection") in this civil matter:

**I. PROVISIONS REGARDING THE SECOND FORENSIC INSPECTION**

1. Plaintiff Jane Doe alleges in her Complaint at Law that Defendant Nick Lindsey saved, forwarded, screen captured or otherwise obtained and/or distributed certain Images and Videos from Plaintiff Jane Doe's iPhone (iPhone 13, serial number CR93FNRYPX, operating system iOS version 18.2.1, at times "Jane Doe's iPhone") when it was in his possession on January 27, 2025, from 3:00 p.m. to 5:00 p.m. CST (the "Relevant Time Period").

2. Plaintiff's counsel represents that, prior to the filing of the Complaint at Law that initiated this lawsuit, Jane Doe and her counsel retained Crowe LLP for the purpose of copying the contents of Plaintiff Jane Doe's iPhone for the purposes of discovering whether, when, and to

---

[1] This document is intended to supplant the Stipulation, which was originally emailed to the Court on Monday, September 9, 2025.

what extent Defendant Lindsey allegedly saved, forwarded, screen captured, or otherwise obtained and/or distributed certain Images and Videos from Plaintiff's Jane Doe's iPhone during the Time Period.

3. Plaintiff Jane Doe's chosen vendor, Crowe LLP, has performed a Full File System Extraction (FFSE) using Cellebrite forensic software, to examine data relevant to determining whether, when, and to what extent Defendant Lindsey allegedly saved, forwarded, screen-captured, or otherwise obtained and/or distributed certain Images and Videos from Plaintiff Jane Doe's iPhone.

4. For purposes of assisting this Forensic Inspection protocol, Plaintiff Jane Doe has agreed to provide a complete forensic copy of her iPhone (which is described in Paragraph 3) to Innovative Driven (hereafter the "Vendor"), where this forensic copy includes data regarding her iPhone which predates the events discussed in Paragraph 1.

5. The Parties agree to the Forensic Inspection of Plaintiff Jane Doe's iPhone solely to allow the Vendor to determine whether, when, and to what extent Defendant Lindsey allegedly saved, forwarded, screen-captured, or otherwise obtained and/or distributed certain Images and Videos from Plaintiff Jane Doe's iPhone during the Time Period, before the Time Period, or thereafter.

6. On September 12, 2025, counsel for Plaintiff Jane Doe will cause the aforementioned Cellebrite extracted data from Jane Doe's iPhone to be delivered to the Vendor to conduct a forensic extraction and analysis of electronic data as described and limited by the above and below paragraphs.

7. All software and hardware tools used by the Vendor will be asked to conform to industry-standard, peer-reviewed forensic methodologies and authentication standards as required under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

8. Plaintiff Jane Doe's expert will be asked to assist the Vendor, as necessary, by identifying the specific Images and Videos from Jane Doe's iPhone that were allegedly accessed by Defendant Lindsey during the Time Period.

9. The Vendor will be asked to determine if mobile or computer-based backups exist on Defendant Lindsey's work-issued MacBook to determine whether and when Lindsey obtained intimate Images and Videos of the Doe Plaintiffs from Plaintiff Doe's iPhone during and before the Relevant Time Period. If such backups exist, the Vendor will be asked to examine them to determine whether, when, and to what extent Defendant Lindsey allegedly saved, forwarded, screen-captured, or otherwise obtained and/or distributed certain Images and Videos from Plaintiff Jane Doe's iPhone.

10. If the Vendor locates any backup data from Defendant Lindsey's work-issued MacBook, the Vendor will be asked to create a backup copy of all extracted backup data from Defendant Lindsey's work-issued MacBook for redundancy and disaster recovery purposes.

11. Specifically, the Vendor will be asked to examine Defendant Lindsey's applications (e.g., Meta Messenger, Instagram, Signal, etc.), photographic/video-based applications and photographic/video-based storage repositories to determine whether, when, and to what extent Defendant Lindsey allegedly saved, forwarded, screen-captured, or otherwise obtained and/or distributed Images and Videos from Plaintiff Jane Doe's iPhone.

12. Once the Vendor completes its analysis of the data extracted from Defendant Lindsey's work-issued MacBook, the Vendor's findings will be shared with all Parties within one (1) business day.

13. The Parties agree that this Stipulation regarding the forensic inspection is solely for discovery purposes, consistent with the Court's order dated September 2, 2025 (Dkt. 89). Issues of admissibility and evidentiary use will be handled separately under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and as ordered by the Court.

14. Upon conclusion of this litigation, the Vendor will be asked, in writing, to return, delete, or destroy the extracted data and all backup copies.

15. Data obtained through this forensic examination will be subject to the Confidentiality Order in this litigation (Dkt. 33), including the Acknowledgement and Agreement to be Bound attached thereto.

16. The costs of data extraction and analysis of the Devices shall be incurred by Defendants and divided amongst them as they see fit.

18. The parties recognize that confidential attorney client communications (and work product) may exist on Jane Doe's iPhone. However, to best accomplish the inspection that was ordered by the Court as part of Dkt. 89(4), the parties are in agreement that a full transfer of the FFSE data from Jane Doe's iPhone is necessary, and that extracting privileged communications may impact the timing and fulsomeness of the FFSE which may impact ability for Defendants to best undertake the type of forensic examination called for by Dkt. 89(4). Accordingly, any privileged documents disclosed to the Vendor or any party shall not constitute a waiver of any applicable privilege.

4

19. If concerns arise that privileged documents have been located through the Vendor's analysis, Jane Doe's counsel shall promptly inform all other Parties and take immediate steps to remove or redact such privileged documents from the dataset shared with the Parties by the Vendor.

20. If any disclosures of confidential communications cannot be resolved by mutual agreement, the party seeking relief may move the Court for relief for good cause shown.

21. The parties are continuing to meet and confer over the exact scope of Defendants' discovery objections, responses, collections and productions, including custodial devices, and all parties reserve their respective rights.

22. Nothing herein shall be interpreted or deemed to waive any privilege recognized by law, including attorney-client privilege, the attorney work-product doctrine, and/or any other privilege that may be applicable, or shall be construed to imply that any documents produced under the terms of this ESI Stipulation are properly discoverable, relevant, or admissible in this Matter or in any other litigation or arbitration.

23. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of documents that a Producing Party believes in good faith are subject to a claim of attorney-client privilege or work-product immunity is not a waiver in the action or in any federal or state proceeding.

24. Unless previously waived, the inadvertent disclosure of any privileged information shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

25. If a Receiving Party finds information that the Producing Party produces or provides discovery that is subject to a claim of attorney-client privilege or work-product immunity,

the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of finding the information.

26. If the Producing Party becomes aware that it may have provided information subject to the attorney-client privilege, it may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party.

27. Upon receiving written notice, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of receiving such written notice, provided that, if the attorney-client privileged or work product immunity is contested, a copy may be maintained by the Receiving Party and provided to the judge or magistrate judge in the Matter for an in camera review for determination whether the designation is proper.

28. The Receiving Party will not review the contested discovery until the judge or magistrate judge renders his or her ruling, and will return or destroy the contested discovery if the judge or magistrate judge rules that it is protected by the attorney-client privilege, work product doctrine or any other privilege.

SO STIPULATED TO BY:

PLAINTIFFS

/s/ *James C. Vlahakis*
James Vlahakis
Counsel for Plaintiffs

DEFENDANTS

/s/ *Jim W. Scales*
Jim W. Scales
Counsel for Defendant Nick Lindsey

/s/ *Jonathon J. Ibarra*
Jonathon J. Ibarra
Counsel for Nienhouse Group, Inc.

_____
Judge Matthew F. Kennelly

Dated: 9/17/2025