| | |
|---|---|
| **From:** | James Vlahakis |
| **To:** | Ross, Julia |
| **Subject:** | Re: Forensic Imaging of S. Diaz Phone |
| **Date:** | Wednesday, February 19, 2025 2:29:49 PM |

Thanks!

James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
jamesv@vlahakislaw.com
312-766-0511 (office)
312-648-6127 (direct)
312-648-6202 (fax)

> On Feb 19, 2025, at 2:29 PM, Ross, Julia <jross@mcdonaldhopkins.com> wrote:
>
> They were instructed not to delete/destroy/modify any potentially relevant information/data/etc. This is not restricted by device.
>
> **Julia Ross**
> Attorney
> she | her | hers
>
> | | |
> |---|---|
> | T: 216.348.5711 | 600 Superior Avenue |
> | jross@mcdonaldhopkins.com | Suite 2100 |
> | www.mcdonaldhopkins.com | Cleveland, OH 44114 |
>
> <image001.jpg>
>
> ---
>
> **From:** James Vlahakis <jamesv@vlahakislaw.com>
> **Sent:** Wednesday, February 19, 2025 3:00 PM
> **To:** Ross, Julia <jross@mcdonaldhopkins.com>
> **Subject:** [External] RE: Forensic Imaging of S. Diaz Phone
>
> Julia
>
> Thank you for clarifying.
>
> 1. To be clear, my client was instructed to preserve everything on her iPhone.
> 2. And to clarify, is the legal hold applying to the *personal* smart phones of Nick, Catherine and Mr. Nienhouse or *just* their work-based phones and/laptops?
>
> -James

James C. Vlahakis

**Vlahakis Law Group LLC**

20 N. Clark Street, Suite 3300

Chicago IL 60602

jamesv@vlahakislaw.com

312-766-0511 (office)

312-648-6127 (direct)

312-648-6202 (fax)

**From:** Ross, Julia <jross@mcdonaldhopkins.com>
**Sent:** Wednesday, February 19, 2025 1:53 PM
**To:** James Vlahakis <jamesv@vlahakislaw.com>
**Subject:** RE: Forensic Imaging of S. Diaz Phone

Thanks, James.

I clarified the "legal hold" laptop issue with Mr. Nienhouse, who I believe should be looping in Mr. Torres. As I explained to him, I do not currently have a reason/basis to image Ms. Diaz's computer, nor do I plan on doing so. There may have been confusion based off of my instruction to Ms. Diaz not to update her cell phone prior to imaging. She, of course, should not be deleting or destroying any potentially relevant information/data/files but I do not believe an update would do so.

If this is a work laptop, rather than a personal laptop, what is done with it and its software is ultimately at the Company's discretion. However, as I also explained to Mr. Nienhouse, that is beyond the scope of my investigation.

**Julia Ross**
Attorney
**she | her | hers**

| T: 216.348.5711 | 600 Superior Avenue |
|---|---|
| jross@mcdonaldhopkins.com | Suite 2100 |
| www.mcdonaldhopkins.com | Cleveland, OH 44114 |

<image001.jpg>

**From:** James Vlahakis <jamesv@vlahakislaw.com>
**Sent:** Wednesday, February 19, 2025 2:42 PM
**To:** Ross, Julia <jross@mcdonaldhopkins.com>
**Subject:** [External] RE: Forensic Imaging of S. Diaz Phone

Julia, I am checking on this right now.

See the below screenshot. My client wrote to Mr. Torres to inform him that her laptop has been lagging and proposed to update it – see the top message. I just want to make

sure all of us on the same page. While I'm happy to instruct my client that there is a "legal hold" on her work laptop, that was not something we have discussed, where I would think that Nick is the one who should be having a litigation hold applied to his work and personal laptops, as well as any personal and work-based smart phones.

-James

<image002.jpg>

*-James*

James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
jamesv@vlahakislaw.com
312-766-0511 (office)
312-648-6127 (direct)
312-648-6202 (fax)

**From:** Ross, Julia <jross@mcdonaldhopkins.com>
**Sent:** Wednesday, February 19, 2025 1:24 PM
**To:** James Vlahakis <jamesv@vlahakislaw.com>
**Subject:** RE: Forensic Imaging of S. Diaz Phone

Thanks, James. Can you also please confirm whether Ms. Diaz has any other personal cell phones?

**Julia Ross**
Attorney
she | her | hers

| T: 216.348.5711 | 600 Superior Avenue |
| jross@mcdonaldhopkins.com | Suite 2100 |
| www.mcdonaldhopkins.com | Cleveland, OH 44114 |

<image001.jpg>

**From:** James Vlahakis <jamesv@vlahakislaw.com>
**Sent:** Wednesday, February 19, 2025 2:06 PM
**To:** Ross, Julia <jross@mcdonaldhopkins.com>
**Subject:** [External] RE: Forensic Imaging of S. Diaz Phone

Julia – to Save you time, here is some iPhone based information that my client has screenshot. See the attached image.

*-James*

James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
jamesv@vlahakislaw.com
312-766-0511 (office)
312-648-6127 (direct)
312-648-6202 (fax)

**From:** Ross, Julia <jross@mcdonaldhopkins.com>
**Sent:** Wednesday, February 19, 2025 8:52 AM
**To:** James Vlahakis <jamesv@vlahakislaw.com>
**Subject:** RE: Forensic Imaging of S. Diaz Phone

Great – thanks, James. I will have a better idea of what additional information the vendor needs tomorrow and will get back to you. For now, I believe the most pertinent information they need is the operating system which you already provided.

**Julia Ross**
Attorney
she | her | hers

| T: 216.348.5711 | 600 Superior Avenue |
| jross@mcdonaldhopkins.com | Suite 2100 |
| www.mcdonaldhopkins.com | Cleveland, OH 44114 |

<image001.jpg>

**From:** James Vlahakis <jamesv@vlahakislaw.com>
**Sent:** Wednesday, February 19, 2025 9:42 AM
**To:** Ross, Julia <jross@mcdonaldhopkins.com>
**Subject:** [External] Re: Forensic Imaging of S. Diaz Phone

Thank you Julia for your prompt response.

I agree that the examiner would need to round up the time collection. And yes, my client agrees to the type of examination outline below.

What other information does the vendor need at this time? My client provided me at the screen capture that identifies her model, number serial number and a lot of other technical data.

James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
jamesv@vlahakislaw.com
312-766-0511 (office)
312-648-6127 (direct)
312-648-6202 (fax)

> On Feb 19, 2025, at 8:24 AM, Ross, Julia <jross@mcdonaldhopkins.com> wrote:
>
> Hi James,
>
> I have a call scheduled tomorrow morning with the vendor to confirm the contents of this email and to emphasize the sensitivity of this matter. Subject to my call with the vendor, please see my responses below in red.
>
> <!--[if !supportLists]-->1.    <!--[endif]-->The vendor will only access [client's] Hidden folder for the time period of 1/27/25 between the hours of 3:00 p.m. and 4:55 p.m. Correct (unless the vendor needs to round to 5:00pm for collection purposes – I will confirm).
> <!--[if !supportLists]-->2.    <!--[endif]-->The vendor will determine whether any images or videos from within my client's Hidden folder were forwarded from her iPhone to any other computer, device or email. Correct.
> <!--[if !supportLists]-->3.    <!--[endif]-->Only you and the vendor will have access to the images and videos found in my client's Hidden Folder. Correct.
> <!--[if !supportLists]-->4.    <!--[endif]-->No Hidden images and/or Hidden videos will be provided to my client's employer, Nick, Robert and/or Catherine or any third party. Correct – only the information contained in my investigation report will be shared with the parties.
> <!--[if !supportLists]-->5.    <!--[endif]-->The vendor will *not* retain any images or videos from the Hidden folder *other than* the images and videos which were viewed *when* the phone was in Nick's possession. Correct.
> <!--[if !supportLists]-->6.    <!--[endif]-->The vendor will not share the images or videos outside of the individual or team that is working on the project. Correct.
>
> It is possible that the vendor will need to access any additional parts of

the iPhone in order to collect metadata. I plan on clarifying this on my call tomorrow.

Please let me know if you/your client agrees to the forensic imaging and I will follow up with you tomorrow with next steps/further information.

Thanks,

**Julia Ross**
Attorney
she | her | hers

T: 216.348.5711  600 Superior Avenue
jross@mcdonaldhopkins.com  Suite 2100
www.mcdonaldhopkins.com  Cleveland, OH 44114

<image001.jpg>

---

**From:** James Vlahakis <jamesv@vlahakislaw.com>
**Sent:** Tuesday, February 18, 2025 5:50 PM
**To:** Ross, Julia <jross@mcdonaldhopkins.com>
**Subject:** [External] RE: Forensic Imaging of S. Diaz Phone

Julia:

I believe time is of the essence relative to getting to the bottom of this "she said he denied" situation and if I run a separate confidentiality agreement by the vendor, it will only delay getting this matter resolved. I trust your representations relative to confidentiality and that your vendor will be mindful of the delicate nature of its investigation, including keeping its investigation on a "need to know basis", where files will only be shared with you, *even if the ultimate conclusion of the vendor will be shared with all involved* – where the conclusion is whether my client's Hidden folder was access during the time Nick had her iPhone. Here's what I'm proposing you to agree to (consistent with your role as a neutral investigator):

1. The vendor will only access your Hidden folder for the time period of 1/27/25 between the hours of 3:00 p.m. and 4:55 p.m.
2. The vendor will determine whether any images or videos from within my client's Hidden folder were forwarded from her iPhone to any other computer, device or email.
3. Only you and the vendor will have access to the images and videos found in my client's Hidden Folder.
4. No Hidden images and/or Hidden videos will be provided to my client's employer, Nick, Robert and/or Catherine or any third party.
5. The vendor will *not* retain any images or videos from the Hidden folder *other than* the images and videos which were viewed *when* the

phone was in Nick's possession.
6.     The vendor will not share the images or videos outside of the individual or team that is working on the project.

These are all somewhat routine limitations/restrictions on this type of data (at least in my experience).

Since the Hidden folder is what is the most egregious privacy violation, I don't think that the vendor look at what other apps Nick may have reviewed.  Simply put, if he viewed the Hidden videos, whether he opened any unread Instagram messages seems rather trivial in nature, given the grave privacy violation posed by viewing my client's Hidden folder.

Thanks.

*-James*

James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
jamesv@vlahakislaw.com
312-766-0511 (office)
312-648-6127 (direct)
312-648-6202 (fax)

**From:** Ross, Julia <jross@mcdonaldhopkins.com>
**Sent:** Tuesday, February 18, 2025 2:50 PM
**To:** James Vlahakis <jamesv@vlahakislaw.com>
**Subject:** RE: Forensic Imaging of S. Diaz Phone

Hi James,

Our vendor informed me that they can conduct a Full File System (FFS) extraction of the device through Cellebrite forensic software that will give them the necessary information/data to analyze when certain photos/videos/apps were accessed. I have already talked to them about whether narrowing the imaging/analysis to a specific date/time range and to specific applications, and that's not a problem.

My firm has a standard confidentiality agreement with the vendor and then we enter into project-specific statement of work agreements, too. If you would like to put together a more specific confidentiality agreement, I am happy to review it and ask the vendor to sign it (although I do not want to represent that they will be willing/able to do so, as I have not run this by them).

Can you please find out what operating system your client's phone is currently running? This way I can ensure I am providing the most accurate information to the vendor (and you) moving forward.

Thanks,

**Julia Ross**
Attorney
she | her | hers

| | |
|---|---|
| T: 216.348.5711 | 600 Superior Avenue |
| jross@mcdonaldhopkins.com | Suite 2100 |
| www.mcdonaldhopkins.com | Cleveland, OH 44114 |

<image001.jpg>

---

**From:** James Vlahakis <jamesv@vlahakislaw.com>
**Sent:** Tuesday, February 18, 2025 8:26 AM
**To:** Ross, Julia <jross@mcdonaldhopkins.com>
**Subject:** [External] Re: Forensic Imaging of S. Diaz Phone

Thanks.
James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
jamesv@vlahakislaw.com
312-766-0511 (office)
312-648-6127 (direct)
312-648-6202 (fax)

> On Feb 18, 2025, at 6:48 AM, Ross, Julia <jross@mcdonaldhopkins.com> wrote:
>
> Hi James,
>
> I am still working on a few details to ensure I am providing you with accurate information. I hope to get back to you later today with next steps. I also received the video that you sent separately.
>
> Thanks,
> Julia Ross
> Attorney
> T: (216) 348-5711
> jross@mcdonaldhopkins.com
> 600 Superior Avenue
> Suite 2100
> Cleveland, OH 44114
> www.mcdonaldhopkins.com

On Feb 17, 2025, at 3:19 PM, James Vlahakis <jamesv@vlahakislaw.com> wrote:

Hello Julia:

I'm just following up.

In a minute I will be forwarding a video screen recording and still screen capture that my client took right after her phone was returned to her by Nick (the still screen shot reflects a time of 5:31. It shows that the hidden video folder was left open by Nick. Because I have an iPhone, I can click on the "i" symbol on of the still shot (once I saved it to my iPhone) and the metadata reflects a time-stamp of 5:31 p.m. I'm sending you the video directly from my client's email (after deleting her comments in the body of the email) as when I save the items on my computer, I think my computer is over-riding the date of the still shot. Please note that you may need a special app or extension to view the video screen recording on your laptop/desktop computer, but I could download it to my iPhone and view it.

Back to timing. I think it would be fairer to my client (who is a victim) to FIRST have Nick's phone and computer examined (as I suggest below) and then have your forensic partner examine my client's phone. As for item nos. 1-4 below, here are my updated thoughts:

I would still like " discuss (1) their methodology and (2) approach they want to take ensure that their review is extremely limited to the question of whether the hidden videos were reviewed at the time Nick had the phone on his possession." The main issue I have is how your vendor is going to be able to extract metadata from the hidden videos to determine if Nick viewed them when my client's phone was in his possession. Everyone I've spoken with (in addition to my own research) indicates that

Apple does not support this type of analysis.

You've covered item 4 in your below email and trust your representation as to item no. 3. I also trust your vendor to do the right thing relative to the last part of item no. 2 where I noted that I wanted to "discuss the fact that the videos need to be safeguarded during and after this process need to discuss the fact that the videos need to be safeguarded during and after this process."

James C. Vlahakis

Vlahakis Law Group LLC

20 N. Clark Street, Suite 3300

Chicago IL 60602

jamesv@vlahakislaw.com<mailto:jamesv@vlahakislaw.com>

312-766-0511 (office)

312-648-6127 (direct)

312-648-6202 (fax)

-----Original Message-----

From: Ross, Julia <jross@mcdonaldhopkins.com>

Sent: Friday, February 14, 2025 12:39 PM

To: James Vlahakis <jamesv@vlahakislaw.com>

Subject: Re: Forensic Imaging of S. Diaz Phone

Hi James,

I am out of the office this afternoon and will respond to your email substantively on Monday. In the meantime while we discuss this further, and per our vendor (which is our firm's sole e-discovery vendor and was not retained through any involvement from any party in this matter), please have Stephanie turn off the automatic updates feature in her phone settings and ask that she not perform any system updates for the time

being.

Thanks,

Julia Ross

Attorney

T: (216) 348-5711

jross@mcdonaldhopkins.com

600 Superior Avenue

Suite 2100

Cleveland, OH 44114

www.mcdonaldhopkins.com

On Feb 14, 2025, at 12:51 PM, James Vlahakis <jamesv@vlahakislaw.com> wrote:

Hi Julia ,

Yes, it looks like our emails crossed paths at nearly the same time. This is an extremely invasive request to ask of a victim. Rather, Nick's phone and emails should be examined to determine whether he screen captured or forwarded any videos. Further, I'm not aware of any method to determine whether a third party has viewed videos on another person's iPhone - when the iPhone was in the possession of a third party. Your email does not directly discuss this key issue.

And to be clear, my client told you during the interview that she could hear the videos being repeatedly accessed when Nick had her iPhone in his possession. Clearly we have a "he said she said" situation based upon Nick's denial.

Simply put, the bigger issue is with Nick viewing the videos while in the office. If he forwarded them to himself, an examination of his phone would prove or disprove this seperate issue. There was no reason to examine my clients phone to determine this

issue, unless a forensic examiner is telling you that Nick could have deleted any and all evidence of him forwarding the videos to his own phone or computer.

If the forensic examiner that you've hired can determine whether Nick viewed videos on when my client's iPhone was in his possession, I'd like to discuss (1) their methodology and (2) approach they want to take ensure that their review is extremely limited to the question of whether the hidden videos were reviewed at the time Nick had the phone on his possession. We also need to discuss the fact that the videos need to be safeguarded during and after this process.

And finally, don't be offended by me asking this, but I will need to (3) review contract the examiner signs to confirm that the contract contains sufficient security assurances and (4) I need confirmation from you that the examiner was hired by your firm and not based upon a recommendation by my client's employer.

James

James C. Vlahakis

Vlahakis Law Group LLC

20 N. Clark Street, Suite 3300

Chicago IL 60602

jamesv@vlahakislaw.com<mailto:jamesv@vlahakislaw.com>

312-766-0511 (office)

312-648-6127 (direct)

312-648-6202 (fax)

On Feb 14, 2025, at 11:22 AM, Ross, Julia <jross@mcdonaldhopkins.com> wrote:

James,

I have interviewed both your client and Nick Lindsey as part of my investigation into your client's allegations. Mr. Lindsey has denied all allegations against him. My next step in the investigation is to forensically image your client's phone. You previously inquired about forensic imaging Mr. Lindsey's phone. However, forensically imaging your clients phone would show whether or not certain apps/metadata were accessed during the relevant timeframe as well as whether any videos/photos/communications were sent from her device to any other device. Please let me know as soon as possible if your client will agree to a forensic imaging of her phone (which can be done remotely).

Thank you,

Julia Ross

Attorney

she | her | hers

T: 216.348.5711

[jross@mcdonaldhopkins.com<mailto:jross@mcdonaldhopkins.com>](mailto:jross@mcdonaldhopkins.com)

[www.mcdonaldhopkins.com<http://www.mcdonaldhopkins.com>](http://www.mcdonaldhopkins.com)

600 Superior Avenue

Suite 2100

Cleveland, OH 44114

<[https://mcdonaldhopkins.com/](https://mcdonaldhopkins.com/)>

<image001.jpg>

<image001.jpg>